[black redaction bar]

645 A.2d 356

**Randall NEAUS, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 20, 1994.

Decided June 23, 1994.

James J. Kane, for petitioner.

*Judith M. Gilroy,* Asst. Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Randall Neaus (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was last employed as a yard jockey for Tri–State Envelope (Employer). Due to his dissatisfaction with working conditions and not being promoted to a truck driver position, Claimant submitted a notice of resignation to Employer on

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b), which provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week—(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...."

June 3, 1993. Claimant's resignation was to be effective June 11, 1993. Before submitting this notice of resignation, Claimant was not advised by Employer that his job was in jeopardy. Moreover, continuing work would have been available for Claimant had he not resigned.

When Claimant submitted his notice of resignation to Employer on June 3, 1993, Employer asked Claimant if he would reconsider and work until July 2, 1993 so that Claimant could collect his vacation pay. Claimant agreed; and later that day, he submitted a second notice with an effective date of July 2, 1993.

On June 4, 1993, Employer discharged Claimant. Thereafter, Claimant filed a claim for benefits with the Office of Employment Security (OES). For the weeks between the date of Claimant's discharge and the effective date of his second notice of resignation, the OES determined that Claimant was not disqualified from receiving benefits under Section 402(e) of the Law.[2] Employer appealed from this determination to a referee, and the referee affirmed. Neither party appealed from the referee's decision, and the decision became final.

For the weeks after the effective date of Claimant's resignation, however, the OES determined that Claimant was ineligible for benefits under Section 402(b) of the Law on the basis that Claimant had voluntarily left his employment without cause of a necessitous and compelling nature. Claimant appealed to a referee. Following a hearing, the referee affirmed.

Claimant then appealed to the Board, which also affirmed. Specifically, the Board concluded that when an employee tenders his resignation with a specific effective date, and the employer accelerates that date by involuntarily separating the employee from his employment prior to the effective date, the separation is treated as a discharge under Section 402(e) from

2. Section 402(e) of the Law, 43 P.S. § 802(e), provides that an employe shall be ineligible for compensation in any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

the date of the involuntary separation until the effective date of the resignation. The Board further concluded that the period following the effective date of the resignation, however, is treated as a voluntary separation under Section 402(b). The Board then concluded that because Claimant resigned from his employment due to his dissatisfaction with his working conditions and his failure to be promoted, Claimant voluntarily left his job without cause of a necessitous and compelling nature. Claimant appealed to this court.

On appeal to this court, the sole issue presented is whether the Board erred in concluding that Claimant's unemployment after July 2, 1993, the effective date of his resignation, was due to Claimant's voluntary separation from employment.[3]

 Initially, we note that the issue of whether a claimant's separation from employment is voluntary or not is a question of law fully reviewable by this court. *Griffith Chevrolet–Olds, Inc. v. Unemployment Compensation Board of Review*, 142 Pa.Commonwealth Ct. 242, 597 A.2d 215 (1991). In this regard, Claimant asserts that because he was involuntarily terminated by Employer on June 4, 1993, and because he was discharged for reasons unrelated to his resignation, he is entitled to benefits for the weeks after July 2, 1993. We disagree.

We find support for our position in *Amado v. Unemployment Compensation Board of Review*, 177 Pa.Superior Ct. 506, 110 A.2d 807 (1955). In *Amado*, a claimant informed his employer that he intended to resign on March 31. The employer, however, upon hiring a replacement, accelerated the claimant's separation to March 6. Thereafter, the claimant sought benefits, taking the position that the employer's act in accelerating his separation from employment to March 6

---

**3.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Phoenixville Area School District v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 555, 596 A.2d 889 (1991), *petition for allowance of appeal denied*, 529 Pa. 671, 605 A.2d 335 (1992).

rendered compensable all weeks after that date. The superior court disagreed.

Although the superior court held that the claimant was eligible for benefits until March 31 because the employer's act in accelerating the separation date was the proximate cause of the claimant's unemployment, it denied the claimant benefits for the week following the date of his resignation. The superior court reasoned that barring the claimant's volitional act of resigning, the claimant would have had continuing employment for an indefinite time. As such, the superior court held that the claimant's resignation was the proximate cause of his unemployment after March 31, and therefore, the claimant was ineligible for benefits under Section 402(b) of the Law.

In the present appeal, we note that the Board specifically found that prior to Claimant's submitting his notice of resignation, he was at no time advised by Employer that his job was in jeopardy.[4] Moreover, the Board found that continuing work would have been available to Claimant had he not resigned. Based upon these findings, it is clear that Claimant himself set in motion the chain of events leading up to his separation and his resultant unemployment. Absent Claimant's voluntary act of resigning, Claimant's employment would have continued indefinitely. Therefore, we conclude that the Board did not err in determining that Claimant's unemployment after July 2, 1993 was due to his voluntary separation from employment.[5]

■ Having concluded that Claimant's separation from employment was voluntary, our inquiry into this matter does not

4. Because Claimant did not challenge the Board's findings on appeal, they are binding on this court. *Salamak v. Unemployment Compensation Board of Review*, 91 Pa.Commonwealth Ct. 493, 497 A.2d 951 (1985).

5. Also, we reject Claimant's assertion that the *Amado* analysis should not be followed in this case because, unlike Mr. Amado, he was discharged for reasons unrelated to his resignation. In this regard, we note that the Board made no findings regarding Employer's reasons for discharging Claimant. We further note, however, that the Board did find that continuing work would have been available to Claimant had he not resigned.

end. As previously stated, Section 402(b) of the Law provides that a claimant is ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. We note that in this regard, the Board found that Claimant resigned due to his dissatisfaction with his working conditions and his failure to receive a desired promotion.

Our supreme court has held that mere dissatisfaction with one's wages or working conditions does not constitute cause of a necessitous and compelling nature. *Monaco v. Unemployment Compensation Board of Review,* 523 Pa. 41, 565 A.2d 127 (1989). Therefore, we conclude that for the weeks subsequent to his effective resignation date, Claimant was not entitled to benefits under the Law.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, June 23, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.