**Stephen L. WERT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 10, 2012.

Decided March 28, 2012.

Sara A. Austin, York, for petitioner.

Janet M. Tarczy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Stephen L. Wert (Claimant) petitions for review of the August 29, 2011, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation benefits under section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant worked as a full-time sales representative for EV Martin Corporation (Employer) from January 30, 1984, through February 4, 2011. (UCBR's Findings of Fact, No. 1.) On February 2, 2011, Claimant presented to Employer's owner, Earl Martin, a letter of resignation stating that his resignation would be effective February 16, 2011. (UCBR's Findings of Fact, No. 2.) Martin accepted Claimant's resignation and stated that he would talk to Claimant about what to tell his customers after Martin returned from a one-week vacation. (UCBR's Findings of Fact, No. 3.) Claimant voluntarily quit his employment due to a personality conflict with Employer's service manager/vice president, Paul Irvin. (UCBR's Findings of Fact, No. 4.) On February 7, 2011, Martin terminated Claimant's employment, effective February 4, 2011, due to his belief that Claimant was trying to steal Employer's customer list. (UCBR's Findings of Fact, No. 5.)

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

On April 10, 2011, Claimant filed a claim for unemployment benefits with the local service center for waiting week ending April 16, 2011. The service center determined that Claimant was eligible for benefits under section 402(e) of the Law, 43 P.S. § 802(e), because he was not discharged for willful misconduct.[2] Employer timely appealed to the referee, who held a hearing on June 7, 2011.

At the hearing, the parties presented evidence on both sections 402(e) and 402(b) of the Law.[3] With regard to the section 402(e) claim, the referee found no evidence of willful misconduct, yet he declined to make a formal ruling on that claim because Claimant did not file for benefits until *after* the effective date of his resignation. As such, the referee treated Claimant's termination as a voluntary quit under section 402(b) of the Law. With regard to the section 402(b) claim, the referee concluded that Claimant was ineligible for benefits because he failed to establish a necessary and compelling reason to resign from employment.

■ Claimant timely appealed to the UCBR, which affirmed. Like the referee, the UCBR declined to consider Claimant's section 402(e) claim because the first waiting week at issue post-dated the effective date of Claimant's resignation. With regard to the section 402(b) claim, the UCBR found that Claimant resigned due to a personality conflict with Irvin. However, because Claimant offered insufficient testimony regarding the nature of the conflict, he failed to establish an intolerable work atmosphere. Therefore, the UCBR concluded that Claimant failed to prove that he had a necessitous and compelling cause to quit his employment. Claimant now petitions for review of that decision.[4]

First, Claimant argues that he is entitled to benefits under section 402(e) of the Law because Employer failed to establish that he was discharged for willful misconduct.

■ When an employee tenders his resignation with a specific effective date, and the employer involuntarily terminates the employee before such effective date, the separation is treated as a discharge under section 402(e) of the Law from the date of the involuntary discharge until the resignation effective date. However, the period *after* the resignation effective date is treated as a voluntary separation under section 402(b) of the Law. *See Neaus v. Unemployment Compensation Board of Review*, 165 Pa.Cmwlth. 326, 645 A.2d 356, 357–58 (1994).[5]

2. Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge for willful misconduct connected with his work. 43 P.S. § 802(e).

3. Although the issue initially raised in Employer's appeal was Claimant's eligibility under section 402(e), the referee indicated in his hearing notice that he would also consider Claimant's eligibility under section 402(b). At the beginning of the hearing, Employer's counsel stated on the record that he would be presenting evidence on section 402(b) with no objection from Claimant. (N.T., 6/7/11, at 3; *see id.* at 27–28.)

4. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. *See also Port Authority of Allegheny County v. Unemployment Compensation Board of Review*, 955 A.2d 1070, 1074 (Pa.Cmwlth.2008) (noting that, for purposes of unemployment benefits, employees who were discharged after executing retirement notification forms but before their retirement dates were considered to have been discharged until such dates, but, after such dates, they were considered to have voluntarily quit).

██ As the UCBR correctly points out, Claimant filed his initial claim for benefits on April 10, 2011, for waiting week ending April 16, 2011. Because the first waiting week post-dated the effective date of Claimant's resignation, his termination must be treated as voluntary under section 402(b) of the Law. *Cf. Unemployment Compensation Board of Review v. Holtz*, 19 Pa.Cmwlth. 316, 338 A.2d 690, 691 (1975) (where an employee was terminated after giving notice of his resignation but before the resignation date, we noted that it was "most significant that [the employee] first applied for benefits *after* the effective date of his resignation"; thus, the employee had the burden of proving that he had a necessitous and compelling cause to resign under section 402(b)) (emphasis in original). Therefore, both the referee and the UCBR properly refused to consider the section 402(e) claim.[6]

██ Next, Claimant argues that the UCBR erred in concluding that he is ineligible for benefits under section 402(b). We disagree.

██ An employee seeking unemployment benefits after voluntarily terminating employment has the burden of proving cause of a necessitous and compelling nature. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth.2006). An employee who claims to have quit his job for a necessitous and compelling reason must prove that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the employee acted with ordinary common sense; and (4) the em-

ployee made a reasonable effort to preserve his or her employment. *Id.* Personality conflicts, absent an intolerable work atmosphere, do not amount to a necessitous and compelling cause for leaving one's employment. *Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth.2010).

Here, the UCBR concluded that Claimant failed to prove that he had a necessitous and compelling cause to resign. The UCBR found that Claimant presented little evidence regarding the nature of the conflict between Claimant and Irvin. Claimant asserts that the UCBR "ignored the fact that the Employer's owner, Martin, admitted to another employee's (Irvin's) poor treatment of [Claimant] and that he (Martin) did nothing about it." (Claimant's Br. at 12; *see* Petition for Review, ¶ 2(c).) However, we have found nothing in the record to support this assertion. In fact, the only evidence relating to the alleged personality conflict between Claimant and Irvin was Claimant's own testimony. We agree with the UCBR's conclusion that Claimant failed to establish an intolerable work atmosphere.

Accordingly, we affirm.

### ORDER

AND NOW, this 28th day of March, 2012, we hereby affirm the August 29, 2011, order of the Unemployment Compensation Board of Review.

---

**6.** We note that, in his brief, Claimant reiterates that he is seeking benefits only "for waiting week ending April 16, 2011 *and compensable weeks thereafter.*" (Claimant's Br. at 14 (emphasis added).)