IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pittsburgh Career Institute,        :
                              : No. 823 C.D. 2015
                Petitioner    : Submitted: October 16, 2015
                              :
              v.                  :
                              :
Unemployment Compensation    :
Board of Review,             :
                              :
             Respondent   :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN           FILED: January 27, 2016


          Pittsburgh Career Institute (Employer) petitions for review of the April 20, 2015, order of the Unemployment Compensation Board of Review (UCBR) reversing the decision of a referee to deny Thien K. Ly (Claimant) unemployment compensation (UC) benefits under section 402(b) of the Unemployment Compensation Law (Law).[1] The UCBR concluded that Claimant was eligible for UC benefits because Claimant established a necessitous and compelling reason for voluntarily quitting her employment. We reverse.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

Claimant worked as a receptionist for Employer from July 2014 until November 11, 2014. On one occasion, Claimant was in the office of Employer's president, Patty Yakshe, reviewing photographs from a photo shoot. Other supervisors were present, including the Director of Education. Someone said to Claimant: "You look like you could work in a massage parlor."[2] (UCBR's Findings of Fact, Nos. 1-4.)

On a second occasion in October 2014, Claimant's supervisor, Jason Stack, called Claimant on speaker phone. There were other people in the office at that time, including the Admissions Team. Someone told Claimant: "Don't forget your chopsticks." Claimant did not report the offensive jokes to anyone in Employer's administration because they were present when the jokes were made. (*Id.*, Nos. 5-8.)

On November 11, 2014, Claimant's niece was born premature and admitted to the hospital's intensive care unit. Claimant was very upset but came to work that day. When Claimant arrived at work, she received a phone call and was informed that her father had a heart attack and was undergoing emergency surgery. Claimant was crying at work and asked to leave because she was so upset. Stack told Claimant that she was not allowed to leave because she had taken too many days off. When Claimant said that she had time available, Stack responded that Claimant would not have a job if she left. Claimant felt that Stack's threat to her job was a continuation of a hostile work environment. Claimant left work, thereby quitting,

___

[2] Although not explicitly stated in the record, the UCBR clarifies in its brief to this court that Claimant is of Vietnamese descent.

because she could no longer endure what she considered a hostile work environment. (*Id.*, Nos. 9-15.)

Claimant filed a claim for UC benefits, which the Department of Labor and Industry denied on November 25, 2014. Claimant appealed to the referee, who held a hearing on January 6, 2015, at which only Claimant's counsel and Employer appeared.[3] The referee concluded that Claimant failed to prove that she left her employment for a necessitous and compelling reason and, therefore, was ineligible for benefits under section 402(b) of the Law.

Claimant appealed to the UCBR and requested a remand hearing. On March 3, 2015, the referee held a remand hearing at which Claimant and two Employer witnesses testified. The UCBR determined that because Claimant had proper cause for her nonappearance at the first hearing, the UCBR would consider the merits of Claimant's testimony at the remand hearing.

The UCBR found that Claimant left her job due to a hostile work environment where she was subjected to racial jokes and threatened with the loss of her job if she left due to a family medical emergency. The UCBR determined that Claimant was not required to notify her superiors of the racial jokes because they had witnessed the jokes. The UCBR reversed the referee, concluding that Claimant had proven a necessitous and compelling reason for quitting and, therefore, was eligible

---

[3] Claimant's counsel had requested that the hearing be rescheduled because Claimant would be in Vietnam until February 5, 2015. The referee denied the request.

3

for UC benefits under section 402(b) of the Law.  Employer now petitions for review of that decision.[4]

Employer argues that the UCBR erred in determining that Claimant met her burden of proving that she voluntarily left her employment for a necessitous and compelling reason.  We agree.

Whether a claimant had a necessitous and compelling reason to voluntarily quit her employment is a question of law subject to this court's review. *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 266 (Pa. Cmwlth. 2008) (*en banc*).  Where a claimant voluntarily quits her employment, she bears the burden of proving a necessitous and compelling reason for quitting.  *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012).  In order to meet this burden, the claimant must prove that:  (1) circumstances existed that created real and substantial pressure to terminate her employment; (2) a reasonable person would act in the same manner under such circumstances; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.  *Id.*  A claimant who voluntarily quits due to a perceived hostile work environment can prove that she made a reasonable effort to preserve her employment by showing that she first notified her superiors of the

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.  The UCBR is the ultimate factfinder and arbiter of witness credibility and evidentiary weight.  *Rohde v. Unemployment Compensation Board of Review*, 28 A.3d 237, 242 (Pa. Cmwlth. 2011).

4

harassing or abusive conduct. *Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003).

This court has held:

> [W]hen an employee is terminated or quits, the "factual matrix at the time of separation governs" as to whether a claimant is entitled to benefits, and the relevant inquiry in determining the cause of a claimant's unemployment is *confined to the surrounding circumstances existing at the time of the claimant's departure*. While the [UCBR] [may] take into consideration other incidents of harassment, unless *the precipitating event* gave [the] [c]laimant a necessitous and compelling reason to quit, then benefits should be denied.

*Hussey Copper, Limited v. Unemployment Compensation Board of Review*, 718 A.2d 894, 899 (Pa. Cmwlth. 1998) (emphases added) (citations omitted).

Here, the UCBR credited Claimant's testimony that she felt that Stack's warning to Claimant that she would lose her job if she left was a continuation of the hostile work environment created by the prior racial jokes. However, Claimant's bare assertion is insufficient to show that these dissimilar events constitute an ongoing pattern of similar behavior. Although the UCBR could consider the earlier racial jokes, Stack's warning to Claimant about her losing her employment was the precipitating, and, thus, the determinative, event in deciding whether Claimant had a necessitous and compelling reason to quit.

5

Nothing in our case law supports the UCBR's contention that a supervisor refusing to let an employee leave early creates a hostile work environment. Additionally, Claimant acknowledged that she made no attempt to complain about Stack's perceived threat to her employment by contacting upper-level management either before or after she quit. Therefore, Claimant did not satisfy her burden of establishing a necessitous and compelling reason for voluntarily quitting her employment.[5]

Accordingly, we reverse the UCBR.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Judge Brobson dissents.

---

[5] Because we conclude that Claimant did not prove a necessitous and compelling reason for voluntarily quitting her employment, we need not consider Employer's argument that the UCBR capriciously disregarded evidence that Claimant quit her job because she disagreed with Employer's attendance policies and was dissatisfied with her working conditions.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pittsburgh Career Institute,      :
     : No. 823 C.D. 2015
         Petitioner      :
     :
         v.      :
     :
Unemployment Compensation      :
Board of Review,      :
     :
         Respondent      :

## O R D E R

AND NOW, this 27th day of January, 2016, we hereby reverse the April 20, 2015, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge