# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Royer,                    :
                            : No. 2598 C.D. 2015
            Petitioner    : Submitted: May 6, 2016
                            :
           v.                   :
                            :
Unemployment Compensation    :
Board of Review,                :
                            :
           Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: July 8, 2016

Melissa Royer (Claimant) petitions for review, *pro se*, of the October 16, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. The UCBR determined that Claimant was ineligible for UC benefits under section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit her employment without cause of a necessitous and compelling nature. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b).

Claimant worked as a staff nurse for Children's Hospital of UPMC (Employer) from October 29, 2012, through March 18, 2015. (UCBR's Findings of Fact, No. 1.) On March 18, 2015, Employer met with Claimant to discuss concerns that Claimant had. (*Id.*, No. 2.) The meeting did not progress very far because Claimant became tearful and left the meeting. (*Id.*) Claimant did not return to work after March 18, 2015, and did not discuss any of her concerns with Employer. (*Id.*, No. 3.)

Claimant resigned via email on March 20, 2015, stating no reason for her resignation. (*Id.*, No. 4.) Before resigning, Claimant never informed her direct supervisor that she felt micromanaged, bullied, threatened, harassed, or subjected to a hostile work environment. (*Id.*, No. 5.) Claimant also did not file any complaints with the human resources department before she resigned. (*Id.*, No. 6.) Claimant was eligible for a transfer if she desired but never inquired about a transfer. (*Id.*, No. 7.) Had Claimant chosen to remain employed, continuing work would have been available to her. (*Id.*, No. 8.)

Claimant filed a claim for UC benefits, which the local service center denied under section 402(b) of the Law. Claimant appealed to the referee, who scheduled a hearing for June 29, 2015. Claimant did not appear at the hearing.[2] Thus, the referee concluded that Claimant failed to meet her burden of proving that she had a necessitous and compelling reason to quit her employment and affirmed the denial of UC benefits. (Ref.'s Op. at 2.)

---

[2] Before the June 29, 2015, hearing, Claimant requested that the referee conduct the hearing via telephone because it would be burdensome for Claimant to travel to Pittsburgh to attend the hearing. The referee denied Claimant's request.

Claimant appealed to the UCBR, which remanded the matter to the referee for a telephone hearing. The referee held telephone hearings on August 24, 2015, and September 10, 2015, at which both Claimant and Employer testified.

Following remand, the UCBR affirmed the referee's denial of benefits. The UCBR discredited Claimant's testimony that she was bullied, harassed, and threatened at work, noting that "[s]ome of the issues alleged by the claimant occurred years before her resignation" and "[o]ther issues were so minor that they would not cause a reasonable person to resign." (UCBR's Op. at 2.) The UCBR also credited the testimony of Employer's witness that Employer was unaware of Claimant's concerns before she resigned. (*Id.*) Therefore, the UCBR concluded that Claimant failed to prove that she had a necessitous and compelling reason to quit her employment and that she made a reasonable effort to resolve her concerns with Employer before resigning. (*Id.* at 3.) Claimant requested reconsideration, which the UCBR denied on November 10, 2015. Claimant now petitions this court for review.[3]

On appeal, Claimant asserts that the UCBR erred in concluding that she is ineligible for UC benefits under section 402(b) of the Law. Specifically, Claimant contends that the evidence established that she had a necessitous and compelling reason to voluntarily quit. We disagree.

---

[3] This court's review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

3

A claimant who seeks UC benefits after voluntarily terminating his or her employment has the burden of proving cause of a necessitous and compelling nature. *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). To establish necessitous and compelling cause, the claimant "must prove that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the [claimant] acted with ordinary common sense; and (4) the [claimant] made a reasonable effort to preserve his or her employment." *Id.* A claimant who voluntarily quits due to a perceived hostile work environment can prove that she made a reasonable effort to preserve her employment by showing that she first notified her superiors of the harassing or abusive conduct. *See Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003). However, "[p]ersonality conflicts, absent an intolerable work atmosphere, do not amount to a necessitous and compelling" reason to voluntarily quit. *Wert*, 41 A.3d at 940.

Here, Claimant testified at length about the issues that allegedly caused her to feel bullied, harassed, and threatened at work, including being asked to cover another nurse's shifts, being asked to call patients while working from home, and being asked to share her computer password with a co-worker. (N.T., 8/24/15, at 8, 21-22, 27-33; N.T., 9/10/15, at 7-8, 18.) She also testified that Employer micromanaged her, sent her hostile emails, and blamed her for issues beyond her control, such as errors with scheduling patient appointments and obtaining prior authorizations for treatments. (N.T., 9/10/15, at 4-8, 12, 27-29, 40-41.) Claimant further testified that she left the March 18, 2015, meeting because she "was led to believe that the meeting was going to be a fair discussion of how we can better

4

improve communication" but instead "turned out to be [about] everything [she] was doing wrong." (N.T., 8/24/15, at 9.)

It is well settled that "mere dissatisfaction with working conditions or resentment of a superior's criticisms, absent a finding of unjust accusations, abusive conduct or profane language, does not amount to the necessary good cause for quitting." *Magazzeni v. Unemployment Compensation Board of Review*, 462 A.2d 961, 962 (Pa. Cmwlth. 1983); *see Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010). As the UCBR found, many of Claimant's issues related to incidents that occurred two years before her resignation and would not have compelled a reasonable person in her situation to resign. (UCBR's Op. at 2.) Therefore, the UCBR correctly concluded that Claimant's perception of a hostile work environment was unsupported by the credible evidence of record.

Claimant also repeatedly asserts that Marilyn Cieri, Employer's senior practice manager and Claimant's direct supervisor, provided false testimony. (Cl.'s Br. at 17-21, 23, 25, 29.) Cieri testified that she scheduled the March 18, 2015, meeting to discuss communication issues with Claimant, but Claimant left the meeting before discussing any of her concerns. (N.T., 9/10/15, at 50.) Cieri also testified that Claimant never informed her that she felt harassed, threatened, or bullied in the workplace. (*Id.* at 51-52.) The UCBR, as the ultimate factfinder, "is free to accept or reject the testimony of any witness in whole or in part." *McFadden v. Unemployment Compensation Board of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). The UCBR's findings are conclusive on appeal as long as the record contains substantial evidence to support its findings. *Spiropoulos v. Unemployment*

5

*Compensation Board of Review*, 654 A.2d 642, 644 (Pa. Cmwlth. 1995). Here, the UCBR resolved the conflicts in the testimony in favor of Employer and against Claimant. We conclude that the UCBR's factual findings are supported by substantial evidence.

Furthermore, Claimant failed to establish that she made a reasonable effort to preserve her employment before voluntarily quitting. Claimant asserts that she informed Employer that she was bullied, harassed, and micromanaged in numerous emails, which she introduced into evidence at the hearings. However, the texts of the emails merely show that Employer was aware of Claimant's concerns regarding miscommunication about her job responsibilities and departmental procedures. (*See*, *e.g.*, Exs. S-U, Exs. 22-31.)[4] The UCBR found that before resigning, Claimant never: informed Cieri that she felt bullied, harassed, or threatened; filed a complaint with the human resources department; or inquired about a transfer to another position. (UCBR's Findings of Fact, Nos. 5-7.) The UCBR specifically rejected Claimant's asserted reasons for believing that her work conditions were intolerable. Moreover, when Employer scheduled a meeting to address communication issues with Claimant, Claimant left the meeting before discussing her concerns. We agree with the UCBR that Claimant failed to satisfy her burden of proving that she resigned for a necessitous and compelling reason. *See Porco*, 828 A.2d at 428 ("[A] claimant must take common sense action to obviate the

---

[4] Most of the email printouts admitted into evidence contain Claimant's handwritten notes, in which she explains how the emails demonstrate Employer's micromanagement, harassment, and bullying. Claimant admitted, however, that she added the handwritten notes to the email printouts solely for purposes of this litigation. (N.T., 8/24/15, at 15.)

problem so that he or she does not have to terminate employment . . . by informing [his or her] superiors of the harassing, humiliating or abusive conduct.").

Accordingly, we affirm.[5]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] In her petition for review and brief, Claimant also asserts that the hearing transcripts contain errors and are missing portions of testimony; however, Claimant does not specify what she believes is missing or erroneously transcribed.  Therefore, we will not consider this claim.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Royer,  :
           : No. 2598 C.D. 2015
               Petitioner  :
           :
        v.          :
           :
Unemployment Compensation  :
Board of Review,  :
           :
              Respondent  :

## O R D E R

AND NOW, this 8<u>th</u> day of <u>July</u>, 2016, we hereby affirm the October 16, 2015, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge