# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie R. Mallit,                  :
             Petitioner          :
                                   :
           v.                  :
                                   :
Unemployment Compensation     :
Board of Review,                :      No. 205 C.D. 2019
             Respondent      :      Submitted: July 5, 2019


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: August 8, 2019


Bonnie R. Mallit (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 19, 2018 order affirming the Referee's decision denying her UC benefits under Section 402(b) of the UC Law (Law).[1] Claimant essentially presents one issue for this Court's review: whether the UCBR erred by determining that Claimant did not have a necessitous and compelling reason for leaving her job.[2] After review, we affirm.

The facts of this case are undisputed. Claimant was employed as a medical assistant for Douglas D. Fletcher, M.D. (Employer/Dr. Fletcher) from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

[2] Claimant presented two issues in her "Statement of the Questions Involved:" (1) whether Claimant's employer addressed her concerns; and (2) whether Claimant presented sufficient evidence that she had a necessitous and compelling reason for voluntarily separating from her employment. Claimant Br. at 6. These issues are subsumed in the Court's rephrasing of the issue and will be addressed therein.

August 6, 2006 to July 30, 2018.[3] Claimant's voluntary resignation stemmed from an incident that occurred on July 30, 2018 at approximately 1:00 p.m., when Employer's office manager Joyce Maiure (Maiure) informed Claimant that Maiure inadvertently reported to Employer's payroll company that Claimant worked from 9:00 a.m. to 5:00 p.m. on July 13, 2018, rather than from 9:00 a.m. to 12:30 p.m. which Claimant actually worked.[4] Claimant became upset when Maiure asked Claimant how she preferred Employer to correct the four-hour overpayment, either by taking the pay from Claimant's vacation leave or from her next paycheck.

Later that same day, Claimant asked Maiure if she could take time off without pay from October 2 to October 17, 2018, when Dr. Fletcher planned to be out of the office. Maiure told Claimant she would have to exhaust her vacation days before she could take unpaid time off, but they could discuss it as the time got closer. Then, at 4:15 p.m. that day, despite that Claimant was scheduled to work until 5:00 p.m., Claimant removed her personal belongings, loudly announced that she was "done," and left. Certified Record (C.R.) Item 12, Notes of Testimony, October 23, 2018 (N.T.) at 7; *see also* N.T. at 9.

Thereafter, Claimant applied for UC benefits claiming she suffered stress due to a hostile work environment in which unwritten vacation policies changed without warning. *See* C.R. Item 2, Internet Initial Claims; *see also* C.R. Item 5, Claimant Questionnaire. On August 31, 2018, the Indiana UC Service Center (UC Service Center) concluded that Claimant was ineligible for UC benefits under Section 402(b) of the Law because she "has not shown a necessitous and compelling reason

---

[3] Claimant worked for Employer part-time from August 6, 2006, and began working full-time in approximately December 2006. *See* Certified Record Item 12, Notes of Testimony, October 23, 2018 (N.T.) at 4-5.

Claimant and an office manager were Dr. Fletcher's only employees.

[4] Claimant had Employer's permission to leave at 12:30 p.m. on July 13, 2018. *See* N.T. at 17.

2

for quitting." C.R. Item 8, UC Service Center Determination at 1. Claimant appealed, and a Referee hearing was held on October 23, 2018. On October 25, 2018, the Referee affirmed the UC Service Center's determination because Claimant did not establish a necessitous and compelling reason for quitting. Claimant appealed to the UCBR. On December 19, 2018, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[5]

Claimant argues that the UCBR erred by concluding she failed to prove she had a necessitous and compelling reason for voluntarily quitting her job. Claimant specifically contends that Employer never resolved the communication concerns she raised in June 2018.

Section 402(b) of the Law states that an employee shall be ineligible for compensation for any week "[i]n which h[er] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). This Court has explained:

> Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. A claimant who voluntarily quits h[er] employment bears the burden of proving that necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

---

[5] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Pennsylvania law is clear that "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Moreover, "[p]ersonality conflicts, absent an intolerable work atmosphere, do not amount to a necessitous and compelling cause for leaving one's employment." *Wert v. Unemployment Comp. Bd. of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). This Court has ruled that resentment of reprimand and personality conflicts may make a work environment uncomfortable, but not necessarily intolerable. *Ann Kearney Astolfi DMD PC. v. Unemployment Comp. Bd. of Review*, 995 A.2d 1286 (Pa. Cmwlth. 2010).

At the Referee hearing, Claimant testified that she had been a model employee for nearly 12 years. Relative to the July 30, 2018 incidents, Claimant claimed that she believed she was only paid for working 9:00 a.m. to 12:30 p.m. on July 13, 2018, so she did not owe Employer four hours as Maiure claimed.

Regarding taking time off without pay, Claimant stated that Employer did not have a written vacation policy, and it was never previously communicated to her that she had to use her vacation time first, since taking unpaid leave "was fine for the past 11 years[.]" N.T. at 6; *see also* N.T. at 11. Claimant admitted she had vacation time she could have used. *See* N.T. at 8. Claimant recalled informing Dr. Fletcher in June 2018 about poor communication in the office, and he asked her to write a letter about her experiences, but nothing changed thereafter. Claimant introduced copies of text messages between her and Dr. Fletcher that reflected Claimant's intention to return to work on July 31, 2018, and Dr. Fletcher's response

4

that, since she chose to leave, she should not return. *See* N.T. at 9-10; *see also* N.T. Ex. C-2 at 2.

Dr. Fletcher expounded that, on June 8, 2018, an incident occurred between Maiure and Claimant that led Claimant to "loudly stat[e] that this was the last day she was going to work and [she] walked out" of the office while patients were present. N.T. at 14. He explained that he asked both ladies to write down what occurred, discussed the matter with each of them, and warned Claimant that abandoning her duties was unacceptable. He reported that Claimant returned to work after that incident but, on July 30, 2018, again raised her voice in front of patients and walked out.

Based upon the evidence presented at the hearings, the Referee concluded:

> [Claimant] fully admitted to walking off the job 45 minutes prior to the end of her shift[] on July 30, 2018. [Claimant] provided two things that occurred on her last day of work, that ultimately led to her decision to quit, but[] insisted that it was a history of poor communication in the office[] that had led up to that decision. While the Referee understands that [Claimant] may have spoken to [Employer] in June 2018[] regarding what [Claimant] perceived as poor office communications, by [Claimant's] own admission, she had not advised [Dr. Fletcher] that the communication issues continued, or made any other attempt to complain that she was being mistreated by [Maiure]. [Claimant] argued that she attempted to offer to return to work the day after she left, and was prevented from doing so by [Dr. Fletcher]. [Dr. Fletcher] explained that he had allowed [Claimant] to return to work the first time she had walked off the job, advising her that it was unacceptable to walk out on patients or engage in an argument, or to raise her voice, in the patient's presence, and could not tolerate allowing [Claimant] to return to work yet again, after she had walked off the job on July 30, 2018. The Referee finds that [Dr. Fletcher] was completely [with]in [his] right to decide not to let [Claimant] return to work, as [Claimant] had quit at 4:15 p[.]m[.], on July 30, 2018, when she walked off prior

5

to the end of her shift. The Referee finds that based on [Claimant's] reasoning for quitting her job, [Claimant] has failed to establish necessitous and compelling cause for quitting, and benefits must be denied under Section 402(b) of the [L]aw.

Referee Dec. at 3.

On appeal, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision, adding the following findings: "[Claimant] did not tell [Maiure] that [she] believed she only got paid until 12:30[,]" and "[Claimant] voluntarily quit employment because of communication issues." UCBR Order at 1. The UCBR concluded:

> In her appeal, [Claimant] argues that [Maiure] gave false information. The [UCBR] determines credibility. The [UCBR] resolves all conflict in testimony in favor of [Employer]. [Claimant] also argues that [Dr. Fletcher] did not say what he did to resolve the issues in June 2018. [Dr. Fletcher] testified that he had [Claimant] and [Maiure] write letters and discussed things individually with [Claimant] and [Maiure]. [Claimant] loudly walked out on July 30, 2018 and quit, and this was not [Dr. Fletcher's] fault. Furthermore, [Claimant] did not act reasonably in trying to preserve her employment. [Claimant] accuses [Employer] of miscommunication, but [Claimant] admitted at the hearing that she too did not communicate. [Claimant] did not tell [Maiure] that [Claimant] believed she only got paid until 12:30.

UCBR Order at 1.

> All credibility determinations are made by the [UCBR]. The weight given the evidence is within the discretion of the factfinder. The [UCBR] is the ultimate factfinder. The [UCBR] determined that Claimant voluntarily left h[er] employment [without a necessitous and compelling reason]. A review of the record reveals that the [UCBR's] findings were supported by substantial evidence.

6

*Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004) (citations omitted). Because Claimant did not produce credible evidence that "circumstances existed that produced real and substantial pressure [for her] to terminate [her] employment," *Middletown Twp.*, 40 A.3d at 228, the UCBR properly concluded that she is ineligible for UC benefits pursuant to Section 402(b) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie R. Mallit,                      :
                Petitioner          :
                                    :
             v.                      :
                                    :
Unemployment Compensation      :
Board of Review,                 :       No. 205 C.D. 2019
                Respondent      :

## O R D E R

AND NOW, this 8th day of August, 2019, the Unemployment Compensation Board of Review's December 19, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge