# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany O'Hara,  :
              Petitioner  :
  :  No. 466 C.D. 2024
          v.  :
  :  Submitted:  May 6, 2025
Unemployment Compensation  :
Board of Review,  :
            Respondent  :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED:  June 18, 2025**

Tiffany O'Hara (Claimant) has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board).  The Board affirmed the decision of the Referee, denying Claimant unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  After careful consideration, substantial evidence supports the Board's conclusion that Claimant voluntarily quit her employment without cause of a necessitous and compelling nature.  Accordingly, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). The Law's section numbers are distinct from "the sections provided in Purdon's Pennsylvania Statutes, which is an unofficial codification of Pennsylvania law."  *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 n.1 (Pa. 2025).  For clarity, we may refer to provisions of the Law "only by their Purdon's citation."  *Id.*

# I. BACKGROUND[2]

Claimant was employed as a part-time server by PGCP Corporation (Employer). On April 28, 2023, Claimant had a disagreement with the owner and his wife regarding Claimant's scheduled work hours. The disagreement escalated, and Claimant was sent home for insubordination and for creating a negative work environment. Claimant later informed Employer that she would not report for her scheduled shift the next day.

On April 30, 2023, Claimant received the schedule for the coming week, with her first shift on May 1, 2023. However, instead of starting her shift that day, Claimant turned in her resignation letter to Employer. The letter provided that Claimant "was quitting due to compelling reasons" but offered no specific reason for her decision. *See* Transcript of Testimony (T.T.), 8/23/23, at 18.

Claimant filed for UC benefits, and the UC Service Center found her eligible. Employer timely appealed, and a hearing was held before a Referee. Rejecting Claimant's assertion that she felt physically threatened, the Referee determined that Claimant was ineligible for benefits, finding instead that she quit due to dissatisfaction over her work schedule.[3] As a result, the Referee issued a decision denying Claimant benefits pursuant to 43 P.S. § 802(b).

Claimant timely appealed, and the Board affirmed. The Board specifically credited Employer's testimony and resolved all factual conflicts in Employer's favor. The Board also found that Claimant voluntarily left her employment due to a personality conflict with the owner and his wife. The Board

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which adopted the findings of fact and conclusions of law of the Referee's decision and is supported by substantial evidence. *See* Bd.'s Dec., 3/27/24; Referee's Dec., 10/2/23.

[3] Claimant expressed frustration with receiving her schedule late Sunday night, having "all these hours." *See* Transcript of Testimony (T.T.), 8/23/23, at 18.

concluded that the dispute with the owner and his wife did not constitute a necessitous and compelling reason to resign, as their conduct did not create an intolerable work environment.

Claimant timely petitioned this Court for review.

## II. ISSUE

Essentially, Claimant raises a single issue.[4]  According to Claimant, the Board improperly excluded relevant evidence of violations of the Fair Labor Standards Act.[5]  *See* Claimant's Br. at 6.  Properly considered, Claimant asserts that this evidence established that she had a necessitous and compelling reason to voluntarily quit her employment.  *See id.*

## III. DISCUSSION[6]

### A. The Parties' Arguments

First, Claimant asserts that the Board erred by "excluding evidence" of her pay-related concerns, which she contends would have established a necessitous and compelling reason for her separation from employment.  *See* Claimant's Br. at 14.  According to Claimant, this evidence reflects violations of wage and hour laws that demonstrate an intolerable working environment which would support her claim.  *See id.* at 12, 15.

---

[4] Claimant identifies three issues (1) challenging the alleged exclusion of evidence, (2) asserting this evidence established a "constructive discharge," and (3) concluding, under the totality of circumstances, that she established cause of a necessitous and compelling nature.  *See* Claimant's Br. at 6.  We will address them concomitantly.

[5] Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219.

[6] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated."  *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022).

Next, Claimant avers that the Referee improperly excluded evidence that after her disagreement with the owner and the owner's wife, the owner touched Claimant in a way she felt was threatening. *See* Claimant's Br. at 17-18, 21-22; T.T. at 19-21. Claimant contends that this alleged physical harassment was a factor in her decision to resign, which would have also established that Claimant's separation was due to a "constructive discharge, which is treated as a necessitous and compelling cause for leaving employment . . . ."[7] *See* Claimant Br. at 10-16; T.T. at 19-21. As a result, Claimant argues, the Board's adjudication reflects a failure to consider the totality of the circumstances surrounding Claimant's separation and, thus, is unsupported by substantial evidence. *See id.* at 13, 17-22.

Claimant also asserts that the Board's decision "violates the remedial purpose of the [UC] Law," arguing that the "Referee's overly narrow focus on the events of April 28, 2023," failed to account for the broader context of her working conditions, as required under the Law. *Id.* at 22-23. Accordingly, Claimant requests that this Court reverse the Board's order and remand for a new hearing at which all relevant evidence may be introduced and considered. *See id.* at 10.

In response, the Board asserts that referees have broad discretion to determine the relevance of evidence in UC proceedings. *See* Bd.'s Br. at 5-7. The Board explains that, after hearing Claimant's testimony, the Referee found that Claimant did not resign for pay-related reasons and therefore deemed further inquiries on the issue irrelevant. *Id.* For example, the Board notes, Claimant

---

[7] Essentially, Claimant offers two alternative theories for her resignation: violations of wage and hour laws, and the alleged touching by the owner.

4

testified she was unaware of any wage-related issues before quitting and expressly stated her resignation was not related to pay.[8]  *See id.* at 5-7.

The Board further argues that, when it considers conflicting testimony from witnesses, it is entitled to resolve credibility issues and weigh the evidence accordingly.  *See id.* at 10-11.  According to the Board, upon considering testimony from Claimant and Employer, it did not credit Claimant's allegations of physical harassment and resolved all conflicts in favor of Employer.[9]  *See id.* at 11-14.

Consequently, the Board rejected Claimant's assertions regarding wage concerns and physical harassment as not credible and instead credited Employer's account that Claimant voluntarily resigned.  *See id.* at 5-7, 11-14.  Based on these credibility determinations, the Board found that Claimant quit due to a personality conflict with the owner and his wife.  Accordingly, it maintains that it properly concluded that Claimant failed to meet her burden of establishing a necessitous and compelling cause for her voluntary separation.  *See id.* at 13-14.

### B. Analysis

Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a conclusion.  *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 136 (Pa. Cmwlth. 2022).  When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record.  *Cambria Cnty. Transit Auth. ("CamTran") v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019).  As the

---

[8] Specifically, Claimant admitted that she "was unaware that [Employer] had to pay [her] more per hour" and did not complain about her pay at any point throughout her employment.  *See* T.T. at 13.  Additionally, when the Referee asked, "[a]nd your quitting on that Monday had nothing to do with pay.  Correct?" Claimant responded, "[n]ot when I quit.  No."  *See id.* at 18.

[9] The owner denied ever making any physical contact with Claimant on the day in question or at any time throughout her employment.  *See* T.T. at 19-21.

5

ultimate fact finder, the Board has the authority to determine the weight of the evidence and assess witness credibility, and it is free to accept or reject any testimony, in whole or in part. *Id.* The resolution of credibility questions and evidentiary conflicts falls within the Board's discretion and such determinations "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted).

On appeal, we must examine the testimony in the light most favorable to the prevailing party, affording that party the benefit of all logical and reasonable inferences. *Id.* Whether the record contains evidence supporting findings other than those made by the Board is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018).

*1. Evidentiary and Credibility Determinations*

When administrative agencies conduct a hearing, the referee or hearing officer is not bound by the technical rules of evidence. 2 Pa.C.S. § 505. Thus, all relevant evidence of reasonably probative value may be received, but where the record demonstrates that the proffered evidence is not reasonably probative, it may be excluded. *D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 742, 751 (Pa. Cmwlth. 2010). This affords broad discretion to administrative agencies in admitting or excluding evidence, and the mere exclusion of evidence does not, by itself, constitute a procedural defect. *Id.*

Claimant asserts that the Board erred by failing to consider her evidence and that the Referee excluded evidence that was in her favor. *See* Claimant's Br. at 13, 17-22. This argument is without merit. First, we observe that the Referee did not exclude any evidence or testimony; rather, the Referee exercised discretion in making relevancy determinations regarding Claimant's pay structure and the reasons

6

for her separation. The record reflects that the Referee permitted testimony regarding Claimant's pay as it related to the question of whether compensation concerns prompted her resignation. *See* T.T. at 12 (Referee stating to Claimant's counsel, "you can ask anything you want to ask about the pay . . . go ahead, ask about the pay"). However, after hearing Claimant's testimony, the Referee found that her claims were not credible and concluded that further questioning on the issue was not relevant. *See id.* at 23. This conduct falls squarely within the Referee's discretion under 2 Pa.C.S. § 505. *See also D.Z.*, 2 A.3d at 751. Furthermore, the Board has discretion to assess the credibility of testimony and weigh the evidence. *See CamTran*, 201 A.3d at 947. In making these credibility determinations, the Board is necessarily considering all the evidence presented, and its rejection of Claimant's narrative does not indicate a failure to consider it.

### 2. Necessitous and Compelling Reason

Generally, a claimant shall be ineligible for benefits for a period "[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. § 802(b). An employee seeking unemployment compensation after voluntarily terminating employment has the burden of proving cause of a necessitous and compelling nature. *Fitzgerald v. Unemployment Comp. Bd. of Rev.*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998).

To establish a necessitous and compelling reason for leaving employment, an employee must prove that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Brunswick Hotel & Conference Ctr., LLC v.*

7

*Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (*Brunswick*). An employee's mere dissatisfaction with working conditions does not, by itself, amount to a necessitous and compelling reason to resign. *Id.* at 661. Similarly, "[p]ersonality conflicts, absent an intolerable work atmosphere, do not amount to a necessitous and compelling cause for leaving one's employment." *Wert v. Unemployment Comp. Bd. of Rev.*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012) (citation omitted). The question of whether an employee had a necessitous and compelling reason to voluntarily leave employment is a question of law fully reviewable by this Court. *Id.; Steinberg Vision Assoc. v. Unemployment Comp. Bd. of Rev.*, 624 A.2d 237 (Pa. Cmwlth. 1993).

Importantly, we note that Claimant does not specifically challenge the Board's finding that her dispute with Employer did not constitute a necessitous and compelling cause to resign. *See generally* Claimant's Pet. for Rev., 4/23/24. Instead, Claimant argues that the Board failed to credit her proffered reason for quitting, which she contends, if accepted, would constitute a necessitous and compelling cause.[10] *See generally* Claimant's Br.

Nevertheless, viewing the testimony in the light most favorable to Employer as the prevailing party, *see Sipps*, 181 A.3d at 484, we conclude that

---

[10] Claimant cites *Allegheny Valley School v. Unemployment Compensation Board of Review*, 666 A.2d 1144 (Pa. Cmwlth. 1995), *rev'd* 697 A.2d 243 (Pa. 1997), to support her assertion that violations of wage and hour laws may create an intolerable working environment sufficient to establish a necessitous and compelling cause for quitting. *See* Claimant's Br. at 15. While we do not dispute the general principle that serious wage violations can, under certain circumstances, justify a voluntary quit, that principle is inapposite here. Substantial evidence supports the Board's finding that Claimant did not resign due to pay-related concerns. Moreover, *Allegheny Valley School* is distinguishable, as it involved a reduction in wages—a fact not present in this case—and the decision was ultimately reversed on appeal when our Supreme Court determined the wage reduction was justified. The record contains no indication that Claimant ever experienced a reduction in wages.

substantial evidence supports the Board's finding that Claimant resigned due to a personality conflict with Employer and a general dissatisfaction with her working conditions. *See Pierce-Boyce*, 289 A.2d at 136.

Here, the Board resolved all conflicting testimony in favor of the Employer and did not credit Claimant's assertion that she left due to improper pay or because of any alleged physical harassment. *See* Bd.'s Dec. This determination is supported by Claimant's and Employer's testimony. Claimant acknowledged that her resignation was unrelated to compensation issues. *See* T.T. at 18. She further admitted that she was scheduled to return to work following the events of April 28, 2023, but ultimately called off and subsequently submitted her resignation after receiving her schedule for the next week. *See id.* at 18-21. Further, the owner testified that Claimant voluntarily quit, as he had no intention of discharging her, and agreed that if Claimant had not voluntarily quit, continuing work was available to her. *See id.* at 7, 34. Additionally, the Board credited the owner's testimony denying any physical contact with Claimant. *See* T.T. at 18-21. The Board's credibility determinations are within its discretion and are not subject to judicial review when supported by substantial evidence. *See CamTran*, 201 A.3d at 947. While there may be conflicting evidence in the record, such as Claimant's assertion that her resignation stemmed from wage issues or inappropriate touching, substantial evidence supports the Board's conclusion that neither formed the basis for her departure. *See generally* T.T.

Moreover, even assuming *arguendo* that Claimant's testimony regarding wage-related issues was credited, such concerns alone would still not establish a necessitous and compelling cause for voluntary separation. To meet this burden, a claimant must demonstrate that the circumstances produced real and

9

substantial pressure to terminate employment and that reasonable steps were taken to preserve the employment relationship prior to resigning. *See Brunswick*, 906 A.2d at 660. Here, the record does not reflect that Claimant attempted to resolve any alleged wage discrepancies with Employer prior to quitting, nor is there evidence that the alleged issues rose to the level of an ongoing, uncorrected legal violation that would render continued employment intolerable. This is evidenced by Claimant's testimony that she was unaware that she allegedly should have received increased pay. *See* T.T. at 13. Absent such efforts or proof of persistent, unlawful pay practices, a mere dispute over compensation, particularly without a demonstrated attempt to address the matter with Employer, does not amount to a necessitous and compelling reason for resignation under 43 P.S. § 802(b). *See Brunswick*, 906 A.2d at 660.

Finally, there is substantial evidence that Claimant resigned due to general dissatisfaction or a personality conflict. Four days before her resignation, Claimant engaged in a heated exchange with the owner and the owner's wife, resulting in her being sent home for insubordination and creating a negative work environment.[11] *See* T.T. at 16-17, 32. The day prior to her resignation, she also

---

[11] Relevantly, the owner presented testimony of a text message he sent to Claimant the morning after the disagreement. *See* T.T. at 32. The text message reads:

> Hi, Tiffany. You were not terminated. You are still employed at [Employer]. You were sent home yesterday due to your insubordination, negative attitude, created [sic] a toxic work environment, and aggressiveness towards coworkers. Your actions have been very disturbing, negative, and toxic in the work environment. You have been consistently insubordinate to your employer. Your nonbusiness-like actions have been occurring on a regular basis since December 22nd, 2022, I should say. You sent [my wife] a text this morning stating you are choosing not to come to work today. Fine, that is your choice. I respect that. I will text you tomorrow evening with your next week's schedule.

*Id.*

10

voiced frustration with her upcoming work schedule. *See id.* at 17-18. Taken together, the record demonstrates that Claimant's decision to quit was motivated by workplace dissatisfaction and interpersonal tension, which do not constitute a necessitous and compelling cause under the Law. *See Brunswick*, 906 A.2d at 660; *Wert*, 41 A.3d at 940. Because Claimant failed to prove a necessitous and compelling reason for leaving her employment, Claimant is ineligible for benefits. *See* 43 P.S. § 802(b).

## IV. CONCLUSION

The Referee afforded Claimant a full and fair opportunity to present evidence in support of her claim, exercised appropriate discretion in assessing its probative value, and made permissible relevancy determinations in accordance with the established legal standards. *See D.Z.*, 2 A.3d at 751. The Board, in turn, properly considered the totality of the evidence, made reasoned credibility determinations, and issued findings supported by substantial evidence. *See CamTran*, 201 A.3d at 947. Additionally, substantial evidence exists to support the Board's conclusion that Claimant failed to establish a necessitous and compelling cause for her voluntary quit. *See Pierce-Boyce*, 289 A.2d at 136; *Brunswick*, 906 A.2d at 660; *Wert*, 41 A.3d at 940. Thus, Claimant is ineligible for UC benefits. *See* 43 P.S. § 802(b).

Accordingly, we affirm.

**LORI A. DUMAS, Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany O'Hara,                    :

             Petitioner    :

                         :   No. 466 C.D. 2024

           v.            :

                         :

Unemployment Compensation  :

Board of Review,           :

             Respondent  :

# **O R D E R**

AND NOW, this 18th day of June, 2025, the order of the Unemployment Compensation Board of Review, entered March 26, 2024, is AFFIRMED.

 

**LORI A. DUMAS, Judge**