529 A.2d 597

Richard B. Green, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*David L. Hill, Community Legal Services, Inc.,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 5, 1987:

Before this court is the appeal of Richard B. Green (Petitioner) from a decision of the Unemployment Compensation Board of Review (Board) which affirmed an order of a referee denying unemployment compensation benefits to Petitioner because he voluntarily terminated his employment without cause of a necessitous and com-

pelling nature. Section 402(b) of the Pennsylvania Un-employment Compensation Law (Law).[1]

In 1973, Petitioner began working for M.S.L. Stamping Co. (M.S.L.) in Philadelphia, Pennsylvania. After approximately six and one-half years he was transferred from Philadelphia to a plant in Ellwood City, Pennsylvania. On December 10, 1984, the Ellwood City plant was closed and he accepted a transfer to the Joliet, Illinois plant. Petitioner worked in the Illinois plant for nine months but voluntarily terminated his employment on September 27, 1985 to relocate back to Philadelphia with his family.

On September 29, 1985, Petitioner filed an application for unemployment benefits with the Philadelphia Office of Employment Security (OES). OES issued a determination denying Petitioner's application under Section 402(b) of the Law. Petitioner appealed and a hearing was held before a referee. Petitioner and his wife attended the hearing while M.S.L. representatives participated via telephone. The referee issued a decision denying benefits. The referee concluded that Petitioner voluntarily terminated his employment to relocate to Philadelphia because his wife could not adjust to living in Illinois and did not wish to live there. Petitioner appealed to the Board which affirmed the referee.

Petitioner appeals to this Court asserting that the Board erred in affirming the referee's denial of benefits because his decision to leave his job in Joliet, Illinois to return to Philadelphia was for cause of a necessitous and compelling nature. Petitioner alleges that his wife threatened to leave her husband and their children in Illinois unless he quit his job. Further, he alleges that his wife's doctor indicated that his wife was suffering

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

from acute anxiety, required psychological counselling and, therefore, he advised relocation back to Philadelphia. Petitioner argues that because of his wife's poor mental health and his desire to preserve family unity, he had cause of a necessitous and compelling nature to terminate his employment.

A claimant becoming unemployed because of a voluntary termination has the burden of proving that such termination resulted from cause of necessitous and compelling nature. *Ryan v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 465, 487 A.2d 1026 (1985). Cause of a necessitous and compelling nature may arise from domestic circumstances and need not be connected with or arise out of the claimant's employment. *Kleban v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983). Family obligations or joining a spouse at a new location can constitute a necessitous and compelling reason to leave one's employment. *Steck v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983). However, a claimant voluntarily terminating employment for family obligations must establish that the action was reasonable and undertaken in good faith. *Kleban.* The actual reasons may not be purely personal. *Steck.* Although the preservation of the family unit is socially desirable, this desire to maintain the family unit is not in and of itself sufficient cause to terminate employment and become eligible for unemployment compensation benefits. *Schechter v. Unemployment Compensation Board of Review,* 89 Pa. Commonwealth Ct. 24, 491 A.2d 938 (1985).

Petitioner asserts that the principles of *Steck* apply to the case at bar. In *Steck,* this court reversed the Board's denial of benefits to a claimant who voluntarily terminated her employment to accompany her husband

to Arizona. The claimant's husband was suffering from emphysema and an enlarged heart. The husband's physician indicated that he might not survive another winter in a climate such as Pennsylvania's. The claimant relocated with her husband to Arizona at the explicit direction of the husband's physician. This court concluded that there was no way in which Steck could have maintained her employment in Pennsylvania and complied with the physician's explicit directive to relocate.

In the case at bar, however, the referee found that "[t]here is no evidence that [Petitioner's] wife was medically advised to re-locate for health reasons." This finding, if supported by substantial evidence, is conclusive on appeal. The only medical evidence regarding the health of Petitioner's wife was a note from Ivan A. Doner, D.O. of Philadelphia dated October 29, 1985 stating in pertinent part: "Please be advised that [Karen Green] is under my care for acute anxiety and has an appointment for psychological counselling on December 11, 1985." This note in and of itself does not support the conclusion that this doctor advised Petitioner's wife to relocate for her mental health. The only other evidence regarding the medical necessity of relocation is Petitioner's hearsay response to the following question from the referee:

QR: Now you indicated that your wife's nerves got the best of her. Was she under medical treatment?

AC: Yes, she was.

QR: Was she advised by any doctor that she should relocate?

AC: Yes.

QR: Who advised her?

AC: Doctor Ivan Doner.

QR: Is he a doctor in Illinois?

AC: No, here, I was back here on vacation.

QR: Well what do you have there in your hand?

AC: I have a note from him.

N.T. at 3-4.

After carefully reviewing the record, we conclude that it is devoid of any medical evidence to corroborate Petitioner's hearsay statement that his wife was medically advised to relocate to Philadelphia for mental health reasons. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

To the contrary, the record supports the Board's conclusion that Petitioner's wife's relocation was for purely personal reasons:

QR: Well couldn't you adjust out there?

ACW: No.

QR: Well you were not out there very long. You were only out there nine months.

ACW: Well we were transferred from Philadelphia to Western Pennsylvania, we were there four and a half years. It was a very small town. Getting into Illinois I just, everything was completely different. I just couldn't handle it.

N.T. at 5.

Petitioner has not provided evidence that his wife was under an explicit directive from her physician to relocate nor has he shown any reason for relocation other than his wife's personal preference. Therefore, Petitioner has not met his burden of proving cause of a necessitous and compelling nature. Further, his desire to maintain family unity is not in and of itself, sufficient cause to support an award of unemployment compensation benefits. The order of the Board is affirmed.

ORDER

AND NOW, August 5, 1987, the order of the Unemployment Compensation Board of Review is affirmed.