# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geraldine Lynn Campanicki,      :
             Petitioner      :
                             :
        v.                      :
                             :
Unemployment Compensation      :
Board of Review,              :    No. 897 C.D. 2016
             Respondent    :    Submitted: November 10, 2016

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: February 14, 2017

Geraldine Lynn Campanicki (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) May 18, 2016 order affirming the Referee's decision denying Claimant UC benefits under Section 402(b) of the UC Law (Law).[1] The sole issue before the Court is whether the UCBR erred by determining that Claimant did not have a necessitous and compelling reason for leaving her job. After review, we affirm.

Claimant was employed as a part-time, rural associate for the United States Postal Service (Employer) from October 6, 2015 to November 19, 2015. After periods of paid training, Claimant was to work only one day a week unless other work became available at the post office for which she was hired or in the surrounding area, with Claimant having the option of taking other work outside of the area. Part of Claimant's off-site job instruction involved safe driving training.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

Claimant elected to buy a right-hand driving vehicle, specifically a jeep, and thus was trained in that vehicle. Claimant was given the opportunity to be trained on other postal-type vehicles with right-hand drive, which would have increased her work opportunities at other area post offices, but Claimant rejected the offer for this additional training.

Before Claimant applied for work with Employer, Claimant's husband had been ill and was unable to work, so Claimant worked full-time to receive benefits. When Claimant's husband returned to work with benefits, Claimant resigned from her former employment and began the postal service job with the express purpose of doing what she wanted to do, and with the hope of bettering herself so she could have a job with benefits when her husband retired. However, on Claimant's first actual work day with Employer, Claimant's husband appeared to have a recurrence of his illness and was in need of possible surgery. By Claimant's fourth work day, Claimant informed Employer's information systems manager/postmaster James L. Briel, II (Briel) of a doctor's appointment for her husband relative to the illness, and notified him that she was going to resign. Briel persuaded Claimant to think the matter over, at least until after the scheduled doctor's visit.

On November 21, 2015, Claimant voluntarily quit work with Employer. According to her written resignation, Claimant quit because of her husband's health condition and the need to work full-time to have benefits. Claimant tried to return to work with her former employer, since it had a right to return within 30 days, but she missed the 30-day window.[2] Claimant did not have any other work offers at the time she resigned from her employment with Employer.

---

[2] Claimant thought the deadline was 30 working days, but it was 30 calendar days.

Claimant applied for UC benefits. On March 17, 2016, the Scranton UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed and a Referee hearing was held. On April 18, 2016, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On May 18, 2016, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

> Initially, this Court has explained:
>
> Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. A claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Claimant argues that she had a necessitous and compelling reason for leaving her job because she "[n]eeded to seek full[-]time employment . . . so [she could] have benefits and a job when [her] husband retires." Claimant Br. at 8. Specifically, Claimant contends she was lied to when she was hired, *i.e.*, she was told

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

that there was a future if she stayed, that her jeep was adequate, and that she could stay in the area.

Notwithstanding whether Employer made promises to Claimant, according to Claimant's written resignation, "the reason I'm leaving is due to husband's health condition. Need to work full-time and have benefits." Notes of Testimony, April 14, 2016 (N.T.) at 28; *see also* N.T. Ex. E-2.

> Cause of a necessitous and compelling nature may arise from domestic circumstances and need not be connected with or arise out of the claimant's employment. Family obligations . . . can constitute a necessitous and compelling reason to leave one's employment. However**, a claimant voluntarily terminating employment for family obligations must establish that the action was reasonable and undertaken in good faith. The actual reasons may not be purely personal**.

*Green v. Unemployment Comp. Bd. of Review,* 529 A.2d 597, 598-99 (Pa. Cmwlth. 1987) (citations omitted; emphasis added). Here, Claimant testified that when she accepted the job with Employer, her husband had benefits and would not be retiring for another three years. *See* N.T. at 4. At the time Claimant quit, she did not know whether her husband needed surgery, or how soon, if at all, she would need benefits. Indeed, Claimant testified that she went with her husband to the doctor and

> [t]he doctor told him and he said to my husband, he said looking at this, [] he said you're probably going to need surgery. He said but I want to give you three to four weeks he said and then do another MRI and we'll see what we can do from there because maybe we could just inject it.

N.T. at 26. Notwithstanding, Claimant quit the next day

> [b]ecause I knew right there with all the information I gathered in four days working there, that there was not going to be work there for me. . . . Everything I was told was a lie. [Briel] purgered [sic] himself. He really [sic] unlawful use of authority is what he used on me.

4

N.T. at 27.  Consequently, Claimant's reasons for quitting were "purely personal[.]" *Green,* 529 A.2d at 599.  She did not establish that her leaving "was reasonable and undertaken in good faith."  *Id.*  Thus, we conclude that Claimant's voluntary resignation did not constitute "a necessitous and compelling reason to leave [her] employment." *Id.*

With respect to Claimant's assertion that Briel lied to her, Claimant testified on cross-examination that she "knew it wasn't a permanent position[;]" she "knew it was a part-time job[;]" and, she "knew it was non-career" before she accepted the job offer.  N.T. at 33, 36.  Essentially, Claimant was not happy with her working conditions because the job was not what she was allegedly promised. However, Pennsylvania law is clear that "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment."  *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Moreover, Briel testified that Claimant did have the potential to get benefits after one year with Employer, that Claimant's jeep was adequate for the route she applied for, and that Claimant was only given the option to train on other vehicles so that she could work in other areas if she so chose.  *See* N.T. at 47-48, 55, 59-61.

> In the instant case, the Referee [did] not find [C]laimant's testimony to be credible.  The Referee [did] find the testimony of [Briel] to be credible.
>
> Based upon the credible evidence in the record before him, the Referee cannot conclude that [C]laimant in the instant case can be deemed to have voluntarily left work with [E]mployer due to any cause of a necessitous and compelling nature, so that [C]laimant is ineligible [for UC benefits] under Section 402(b) of the Law.

Referee Dec. at 2-3.

5

The law is well-established that

> [a]ll credibility determinations are made by the [UCBR]. The weight given the evidence is within the discretion of the factfinder. The [UCBR] is the ultimate factfinder. The [UCBR] determined that Claimant voluntarily left h[er] employment [without a necessitous and compelling reason]. A review of the record reveals that the [UCBR's] findings were supported by substantial evidence.

*Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004) (citations omitted). Thus, we hold that Claimant is not eligible for UC benefits under Section 402(b) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

Geraldine Lynn Campanicki,       :
               Petitioner   :
                              :
         v.                    :
                              :
Unemployment Compensation      :
Board of Review,              :    No. 897 C.D. 2016
              Respondent   :

## O R D E R

AND NOW, this 14th day of February, 2017, the Unemployment Compensation Board of Review's May 18, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge