# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert P. Saghafi,            :
           Petitioner      :
           :
     v.            :    No. 975 C.D. 2016
           :    Submitted: December 9, 2016
Unemployment Compensation    :
Board of Review,            :
           Respondent    :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON[1]**            **FILED: February 22, 2018**

Robert P. Saghafi (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board). The Board found Claimant ineligible for all but one week of unemployment compensation (UC) benefits under the Unemployment Compensation Law[2] (UC Law) after he voluntarily left his employment to start a business. Upon review, we affirm.

## I. Background

Claimant was laid off by a previous employer in April 2015. Certified Record (C.R.), Item 5. As a result, Claimant began having financial difficulties.

---

[1] This case was reassigned to the author on January 18, 2018.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §§751-919.10.

C.R., Item 17; Ref. Hr'g, Notes of Testimony (N.T.), 4/5/16, at 8. To generate cash flow, Claimant accepted a position with Mastercard Inc. (Employer) in May 2015 at a substantially lower salary than he earned in his previous job. C.R., Items 5, 17; N.T. at 8. The lower salary did not allow Claimant to solve his financial problems, which were exacerbated by the need to pay his daughter's college tuition. C.R., Items 2, 17. In order to increase his income, Claimant decided to resign his position with Employer and restart a consulting company he previously operated successfully. C.R., Item 17; N.T. at 6.

Claimant gave Employer notice on June 16, 2015, that he was resigning effective June 26, 2015. C.R., Item 2. Employer, however, did not allow Claimant to work through his notice period. Id. Therefore, June 16 was Claimant's last day of employment. Nevertheless, Employer paid Claimant his salary through June 26. Id.; N.T. at 6.

The week after Claimant left his job with Employer, his consulting business was back in operation. N.T. at 7. After restarting his business, he obtained at least two lucrative consulting contracts, each of which paid him substantially more than the amount of his salary with Employer. C.R., Item 17.

Claimant applied for UC benefits. He asserted that although he resigned his job with Employer voluntarily, his financial difficulties constituted a necessitous and compelling reason for leaving his employment.

A referee found Claimant ineligible for UC benefits under Section 402(b) of the UC Law, 43 P.S. §802(b). Claimant appealed the decision. The Board modified the referee's decision, finding Claimant was not ineligible for UC benefits under Section 402(b) for the week ending June 27. Otherwise, the Board affirmed the referee's decision. Claimant then sought review in this Court.

## II. Issues

On appeal,[3] Claimant argues he met his burden under Section 402(b) of establishing a necessitous and compelling reason for voluntarily leaving his employment. He also asserts the Board failed to properly consider his evidence of financial difficulties beyond his daughter's tuition cost. In addition, Claimant argues the Board acted improperly in granting him UC benefits only for the week ending June 27, 2015, and denying benefits thereafter, without explaining the reason for treating the two time periods differently.

## III. Discussion
### A. Necessitous and Compelling Reason for Voluntary Resignation

Section 402(b) of the UC Law provides that a claimant is ineligible for UC benefits for any week in which "his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …." 43 P.S. §802(b). A claimant asserting necessitous and compelling cause for voluntarily resigning has the burden to establish such cause in order to be eligible for UC benefits. Kelly v.

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

3

<u>Unemployment Comp. Bd. of Review</u>, 172 A.3d 718 (Pa. Cmwlth. 2017). To meet his burden, the claimant must prove he acted with ordinary common sense and made reasonable efforts to preserve the employment relationship. <u>Id.</u> Whether the claimant had necessitous and compelling cause to resign from employment is a question of law subject to plenary review on appeal. <u>Id.</u>

Claimant insists that his need to increase his earnings to meet his financial obligations constituted a necessitous and compelling reason to resign his job with Employer. This Court disagrees.

Claimant asserts a sudden layoff by his previous employer, eBay Enterprise, caused him serious financial pressures and mental strain. He claims he accepted a position with Employer at a lower salary, knowing it would not solve his financial problems in the long term, in an effort to mitigate the damage to his finances arising from the layoff. He argues he acted reasonably in deciding to resign and restart his consulting practice in order to generate enough cash flow to meet his financial obligations.

Claimant cites three decisions of this Court for the proposition that domestic circumstances can constitute necessitous and compelling cause for voluntarily leaving employment. The cited decisions are inapposite.

In <u>Green v. Unemployment Compensation Board of Review</u>, 529 A.2d 597 (Pa. Cmwlth. 1987), the claimant left employment in Illinois to move to Pennsylvania because his wife was in poor mental health and threatened to leave

4

him and the couple's children if he did not relocate the family to Pennsylvania. Notably, this Court found the proffered reason for leaving employment was <u>not</u> necessitous and compelling.

In <u>Kleban v. Unemployment Compensation Board of Review</u>, 459 A.2d 53 (Pa. Cmwlth. 1981), the claimant left her employment to relocate after her husband accepted a transfer. Because the nature of the husband's job required him to accept frequent transfers, this Court again found relocation was <u>not</u> a necessitous and compelling reason for the claimant to leave her employment.

In <u>Steck v. Unemployment Compensation Board of Review</u>, 467 A.2d 1378 (Pa. Cmwlth. 1982), the claimant's husband suffered from serious medical conditions, and his doctor advised he would not survive another winter in Pennsylvania. The claimant submitted in evidence an express, documented physician's order that her husband relocate to a warm dry climate immediately. As there was no such climate anywhere near the claimant's job in Pennsylvania, she had a necessitous and compelling reason to resign her employment and relocate to Arizona with her husband and children. Here, Claimant alleges no circumstance analogous to that in <u>Steck</u>.

Claimant cites no authority, and this Court is aware of none, holding that the need to increase one's earnings is a necessitous and compelling reason for leaving employment. Moreover, starting a business is not a necessitous and compelling reason to leave employment. <u>See</u> <u>Lawless v. Unemployment Comp. Bd.</u>

5

of Review (Pa. Cmwlth., No. 1541 C.D. 2010, filed March 18, 2011), 2011 Pa. Commw. Unpub. LEXIS 234 (unreported).[4]

Rather, Claimant's choice to leave employment and start a business was a personal preference. Personal preference is not a necessitous and compelling reason to leave employment. Procito v. Unemployment Comp. Bd. of Review, 945 A.2d 261 (Pa. Cmwlth. 2008) (en banc). Therefore, the Board correctly determined Claimant was ineligible for UC benefits.

Notably, in leaving employment to start a business, Claimant became self-employed. He testified he restarted his former consulting business, which he operates as a statutory S-corporation, immediately upon leaving his employment. Therefore, Claimant was also ineligible for UC benefits under Section 402(h) of the UC Law, 43 P.S §802(h), because he was self-employed. See Owoc v. Unemployment Comp. Bd. of Review 809 A.2d 441 (Pa. Cmwlth. 2002) (owner of consulting business was self-employed and ineligible for UC benefits); Fellabaum v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 2319 C.D. 2009, filed August 25, 2010), 2010 Pa. Commw. Unpub. LEXIS 579 (unreported) (principal of S-corporation was self-employed and ineligible for UC benefits).

This Court may affirm on different grounds from those on which the Board relied. Procito. Here, we disagree with Claimant's argument that he had a necessitous and compelling reason to leave his employment. However, even if this

---

[4] We cite Lawless v. Unemployment Compensation Board of Review (Pa. Cmwlth., No. 1541 C.D. 2010, filed March 18, 2011), 2011 Pa. Commw. Unpub. LEXIS 234 (unreported) as persuasive precedent. 210 Pa. Code §69.414(a).

Court agreed with that argument, we would still be constrained to affirm the Board's finding of ineligibility, because Claimant was self-employed.

Claimant's efforts to meet his financial responsibilities and send his daughter to college are laudable. Nevertheless, they do not entitle him to UC benefits in the circumstances of this case.

## B. Evidence of Claimant's Financial Situation

Next, Claimant asserts that the Board improperly focused on Claimant's need to pay his daughter's college tuition, rather than his substantial loss of income generally, as the primary reason for his resignation from employment. This argument lacks merit.

As the ultimate finder of fact, the Board was empowered to weigh the evidence, determine the credibility of witnesses, and accept or reject any evidence. Owoc. The record contains substantial evidence supporting the Board's finding that Claimant was motivated to resign by the need to pay his daughter's college tuition. In his initial claim questionnaire, Claimant stated he resigned because of the need to pay his bills and his daughter's tuition. Certified Record (C.R.), Item No. 2. In correspondence regarding the hearing, Claimant attached a copy of his daughter's acceptance letter, and explained that his daughter's recent acceptance to college, added to his previous financial difficulties, caused him to resign his position with Employer. C.R., Item Nos. 8, 17. At the hearing, Claimant testified he resigned because he was falling behind on his financial obligations, and once his daughter was accepted to college, he felt he needed to restart his consulting business in order

7

to fix his financial situation. Referee's Hr'g, Notes of Testimony (N.T.), 4/5/16, at 7-9. Claimant explained that added to his other mounting financial obligations, his daughter's tuition was "the icing on the cake." N.T. at 11.

Moreover, nothing in the Board's reasoning suggests it would have decided Claimant's appeal differently had it relied more heavily on Claimant's broader financial difficulties. As discussed above, even crediting Claimant's evidence concerning his overall financial plight,[5] he did not have necessitous and compelling cause to leave his employment.

### C. UC Benefits for Week Ending June 27, 2015

Finally, Claimant contends the Board erred by denying UC benefits beginning with the week ending July 4, 2015, after granting benefits for the week ending June 27, 2015. This argument is without merit.

Claimant argues the Board failed to explain why it treated the two periods differently. Claimant assumes the Board granted benefits for the week ending June 27, 2015, because it found he had a necessitous and compelling reason for his resignation in relation to that week. Based on that erroneous assumption, Claimant reasons that the Board was required to make the same finding for subsequent weeks.

However, the Board properly treated the two periods differently. The issue before the Board was whether Claimant had a necessitous and compelling

---

[5] The Board points out that Claimant attached information to his brief that is not part of the certified record. This Court has not considered any non-record evidence in its analysis of this case.

8

reason under Section 402(b) of the UC Law for voluntarily leaving employment. Claimant gave Employer notice on June 16 that he was resigning effective June 26. Employer then escorted him from the building, preventing him from working until the effective date of his resignation. "When an employee tenders his resignation with a specific effective date, and the employer involuntarily terminates the employee before such effective date, the separation is treated as a discharge under Section 402(e) of the Law[,] [43 P.S. §802(e),] from the date of the involuntary discharge until the resignation effective date." Wert v. Unemployment Comp. Bd. of Review, 41 A.3d 937, 939 (Pa. Cmwlth. 2012). Claimant was not ineligible under Section 402(b)[6] for the week ending June 27, 2015, because he did not resign voluntarily in relation to that week.

## IV. Conclusion

Based on the foregoing discussion, this Court affirms the Board's order finding Claimant ineligible for UC benefits beginning with the week ending July 4, 2015.

ROBERT SIMPSON, Judge

---

[6] The issue of Claimant's eligibility for UC benefits for the week ending June 27, 2015 is not directly before this Court. However, to the extent Claimant argues his receipt of UC benefits for the week ending June 27, 2015, automatically entitled him to continue collecting benefits thereafter, we note Claimant was actually ineligible for UC benefits for the week ending June 27, 2015. Claimant testified he restarted his consulting business immediately upon leaving his employment. Thus, as discussed above, he was self-employed and ineligible for UC benefits under Section 402(h) of the UC Law, 43 P.S. §802(h). Moreover, Claimant candidly admitted Employer paid him his salary for the week ending June 27, 2015. Claimant's receipt of UC benefits for that week in addition to his salary was a windfall. It did not entitle him to continue collecting UC benefits for subsequent weeks.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert P. Saghafi,               :
                    Petitioner   :
                                 :
        v.                       :    No. 975 C.D. 2016
                                 :
Unemployment Compensation        :
Board of Review,                 :
                    Respondent   :

# **O R D E R**

**AND NOW**, this 22nd day of February, 2018, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge