510 A.2d 895

Victoria M. Gaunt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 13, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Andrea C. Jacobsen,* with her, *Carol Lindsay,* for petitioner.

*Donna M. Stanek,* Associate Counsel, with her, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, June 10, 1986:

Victoria M. Gaunt, claimant, filed for a petition for review of the order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying her benefits on the basis that she voluntarily left work without a cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We affirm.

Mrs. Gaunt was employed by John Wanamaker at the Lehigh Valley Mall, Whitehall, Pennsylvania, from December 1980 to September 26, 1984 as a Human Resource Specialist with an annual salary of $18,000. The claimant's husband had been employed by JC Penney since 1968. He had worked his way up from a stockboy to District Operations Manager. In July 1984, Mr. Gaunt was offered a promotion which required him to relocate to the Harrisburg area, a distance of approximately 100 miles from Whitehall. Mr. Gaunt accepted the promotion in order to advance his career. His wife, the claimant, terminated her employment to relocate with her husband. She asked John Wanamaker for a transfer but none was available.

On October 14, 1984, Mrs. Gaunt applied for unemployment compensation. Her claim was approved by the Office of Employment Security (OES). The determination of the OES was appealed from by John Wanamaker. After a hearing, the referee reversed the approval of Mrs. Gaunt's claim on the ground that she was ineligible for benefits under Section 402(b) of the Law because she voluntarily left her job without a cause

of a necessitous and compelling nature. On appeal the Board, without receiving additional testimony, affirmed the referee's decision. Mrs. Gaunt filed with this Court a petition for review of the order of the Board.

Where a claimant quits a job to follow a spouse to a new location, the following spouse must show not only that overwhelming circumstance such as economic hardship or insurmountable commuting problems necessitated his or her quit, but also that the circumstances necessitating his or her spouse's relocation are beyond that spouse's control. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982).

We agree with the referee that the claimant demonstrated economic hardship or an insurmountable commuting problem would be created by her move; but we also agree with the referee that the husband's decision to accept a better position in another city was not a circumstance beyond his control.

Order affirmed.

ORDER

AND NOW, this 10th day of June, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.