# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Leason, : 
               Petitioner : 
                : 
         v. : No. 223 C.D. 2018
                : Submitted: August 31, 2018
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY JUDGE BROBSON**       **FILED:  November 21, 2018**

      Petitioner Daniel J. Leason (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board).  The Board affirmed the Unemployment Compensation Referee's (Referee) decision, which denied Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law),[1] relating to voluntary separation without cause of a necessitous and compelling nature.  For the reasons set forth below, we now affirm the Board's order.

      Claimant worked for Havis, Inc. (Employer) as a full-time Inside Sales Representative.  (Certified Record (C.R.), Item No. 10 at 2.)  Claimant voluntarily separated from Employer on August 4, 2017, to relocate to Gainesville, Florida, with

---

[1]Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

his spouse who accepted a full-time position there as an art teacher at a school. (*Id.* at 2-3.) Shortly thereafter, Claimant filed for unemployment compensation benefits. The Altoona Unemployment Compensation Service Center (Service Center) issued a determination, finding Claimant ineligible for benefits due to his inability to prove a necessitous and compelling reason for terminating his employment. (C.R., Item No. 4 at 1.) Claimant then appealed the Service Center's decision, and the Referee conducted an evidentiary hearing. (C.R., Item Nos. 5, 10.)

At the evidentiary hearing before the Referee, Claimant participated by telephone and Employer did not appear. (C.R., Item No. 10 at 1.) Claimant testified that he voluntarily terminated his employment so that he could move to Florida to join his spouse. (*Id.* at 2.) Before leaving the state, Claimant's spouse was employed part-time as a teacher, but she was unable to find a full-time position in the field in which she was trained, *i.e.*, as an art teacher. (*Id.* at 3.) Claimant testified that his spouse, therefore, moved to Florida because she had the opportunity to be employed as a full-time art teacher. (*Id.*) Claimant "followed [his spouse] down to Florida so she could accept that position." (*Id.* at 2.)

With respect to the issues relevant to this appeal, Claimant's full testimony on the matter was brief:

> R    Why was August 4th your last day?
>
> C    My last day was, because my wife accepted a position[,]—she's a teacher. She accepted a position down in Alachua County in Florida in Gainesville, and I followed her down to Florida, so she could accept that position.
>
>       . . . .
>
> R    Okay and why not stay up here? You were employed. Couldn't she find a job in Pennsylvania?
>
> C    Nope that's fine. I knew that question was coming. There are actually no art teaching positions really in

2

Pennsylvania. The question on the form I filled out asked if your wife was employed prior to accepting a position down in Florida. That's a very black and white question. Yes, she was employed, but working anywhere from two to six hours weekly. It certainly wasn't economically viable, and again, for her to obtain a full-time teaching position in her chosen field, which is very specific, she's an art teacher, she actually had to look beyond the state and out of state, really, actually–[inaudible] many months ago. So she was actually able to obtain a full-time position, in a district down here, where she wasn't able to do so up there, so.

R    Okay. What else do you want me to know?

C    That's really it. The form was–yeah, the form was very black and white. I read the question, you know, answer it truthfully. So, I mean, was she employed? She was, but again it never asked if it was part-time or the hours that were involved, or anything like that. So, that was basically the reason. That was basically, you know, I went on to questions beyond that, but yeah, that was the reason and I certainly hope that's sufficient.

. . . .

R    Okay.

C    And there are no such positions up in Pennsylvania. You know, they're doing away with a lot of those— you know, music and art programs. The teachers that are there are shared between multiple schools. They don't leave, so it's very difficult to obtain, you know, that type of position. You know, unfortunately, much to the chagrin of her parents.

(*Id.* at 2-4.)

After the conclusion of the evidentiary hearing, the Referee issued a decision, finding Claimant ineligible for unemployment compensation benefits pursuant to Section 402(b) of the Law. (C.R., Item No. 11.) Claimant then appealed

3

to the Board, which affirmed the Referee's decision and order. In so doing, the Board issued the following findings of fact:

1. Havis, Inc., employed the claimant beginning June 6, 2011, as an inside sales representative.

2. The claimant's spouse was employed in Pennsylvania, but accepted a position in Florida.

3. Effective August 4, 2017, the claimant resigned to follow his spouse to Florida.

(C.R., Item No. 13.) The Board concluded that Claimant was ineligible for benefits pursuant to Section 402(b) of the Law. The Board reasoned:

The claimant's spouse was employed at the time, so her decision to accept better employment in Florida was not beyond her control. The Pennsylvania courts have repeatedly held that an employed spouse's choice to accept better employment, different employment, or a voluntary transfer does not create a necessitous and compelling reason for the claimant to quit. To receive benefits, a claimant's spouse must be forced to transfer by his or her employer. Had the claimant's spouse been unemployed at the time, the Board would be required to analyze the duration of her unemployment and the efforts she took to find local employment, but those are not the facts here.

(*Id.*) Claimant now petitions this Court for review.

On appeal,[2] Claimant alleges that the Board committed an error of law by concluding that Claimant failed to prove that he had a cause of a necessitous and compelling nature to voluntarily terminate his employment.

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

Section 402(b) of the Law, pertaining to voluntary termination without cause of a necessitous and compelling nature, provides in part that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Where a claimant voluntarily terminates employment, the claimant bears the burden of proving that the basis of the decision to terminate employment was a necessitous and compelling one. *Pa. Gaming Control Bd. v. Unemployment Comp. Bd. of Review*, 47 A.3d 1262, 1265 (Pa. Cmwlth.), *appeal denied sub nom. Wyatte v. Unemployment Comp. Bd. of Review*, 62 A.3d 381 (Pa. 2012). This burden may be met by showing that the circumstances at the time of the decision produced both a real and substantial pressure to leave the employment and that a reasonable person would have been similarly compelled under the same circumstances.[3] *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 833 (Pa. 1977); *Beachem v. Unemployment Comp. Bd. of Review*, 760 A.2d 68, 71 (Pa. Cmwlth. 2000). The "follow-the-spouse" doctrine, which is applied when a claimant leaves employment in order to relocate to be with his or her spouse, satisfies this inquiry. *Glen Mills Schs. v. Unemployment Comp. Bd. of Review*, 665 A.2d 561, 564 (Pa. Cmwlth. 1995).

Under the follow-the-spouse doctrine, a claimant's burden is two-fold. *Wheeler v. Unemployment Comp. Bd. of Review*, 450 A.2d 775, 778 (Pa. Cmwlth. 1982). First, the claimant must establish that the move created insurmountable commuting problems *or* that maintaining two residences would result in economic hardship. *Glen Mills Schs.*, 665 A.2d at 564. Under the second

---

[3] Whether a claimant has a cause of a necessitous and compelling nature to voluntarily leave employment is a question of law subject to this Court's review. *Pa. Gaming Control Bd.*, 47 A.3d at 1265.

inquiry, the claimant must also demonstrate that circumstances beyond the control of the claimant's spouse caused the necessity to relocate, that the decision was reasonable and made in good faith, and that the relocation was not a result of the spouse's personal preferences. *Pa. Gaming Control Bd.*, 47 A.3d at 1267; *Glen Mills Schs.*, 665 A.2d at 564. Relocation due to a spouse's inability to find a job locally in the spouse's field due to the spouse's unique occupation and highly specialized skills has been found to meet the second part of the test.[4] *Glen Mills Schs.*, 665 A.2d at 564. Unemployment compensation benefits, however, are not meant to "finance a voluntary change of career." *Rodriguez v. Unemployment Comp. Bd. of Review*, 174 A.3d 1158, 1165 (Pa. Cmwlth. 2017). Rather, "the objective of the Law[5] . . . is to ensure that employees who become unemployed involuntarily are provided with some semblance of economic security." *Hamot Med. Ctr. v. Unemployment Comp. Bd. of Review*, 645 A.2d 466, 469 (Pa. Cmwlth. 1994).

Here, Claimant appears to argue that he is entitled to benefits under the follow-the-spouse doctrine because his spouse's relocation was necessary due to an inability to find specialized employment as an art teacher locally. Claimant testified

---

[4] In *Glen Mills Schools*, we held that where a claimant's spouse is trained in a highly specialized area, inability to find employment in that field may constitute circumstances outside of the claimant's spouse's control. In *Glen Mills Schools*, the claimant and her spouse resided in Chester County where they were both employed. The claimant's spouse was employed as a physicist and had a Ph.D. in the discipline, but he lost his job. The claimant's spouse sought employment locally for a period of more than four months to no avail, after which he received and accepted an offer of employment in Maryland. The claimant's spouse initially commuted two-and-a-half hours each weekend, but the commute became burdensome and the couple was not able to maintain two separate residences, so the claimant voluntarily left her job and moved to Maryland. This Court found that the claimant's spouse's decision to accept the job in Maryland was not motivated by personal preference but by circumstances beyond his control in the form of his "unique occupation and highly specialized skills." *Glen Mills Schs.*, 665 A.2d at 564.

[5] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

6

that his spouse needed to relocate in order to accept full-time employment "in her chosen field, which is very specific." (C.R., Item No. 10 at 3.) Claimant further explained that "there are no such positions up in Pennsylvania" and that "it's very difficult to obtain . . . that type of position." (*Id.*) As to the financial aspect of the relocation, Claimant testified that, prior to the decision to relocate, his spouse was employed for between two to six hours each week and that the position was not economically viable. (*Id.*)

The Board counters that Claimant's spouse's decision to relocate to accept full-time employment when she already had part-time employment is more comparable to a change of job based on personal preferences rather than necessity. The Board compares the situation to that presented in *Kochel v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 284 C.D. 2012, filed November 7, 2012).[6] In *Kochel*, the claimant testified that her husband changed his job because "it would allow him to better utilize his education, [it] had better hours, and better pay." *Kochel*, slip op. at 2. This Court, therefore, held that these reasons were related to personal preference rather than circumstances outside the spouse's control, and we affirmed the denial of benefits. *Id.* While this holding is not binding, we based our decision in *Kochel* on our holding in *Gaunt v. Unemployment Compensation Board of Review*, 510 A.2d 895 (Pa. Cmwlth. 1986), wherein this Court found that the claimant's husband's decision to accept new employment because it was a better position was not a circumstance beyond his control. *Gaunt*, 510 A.2d at 896. We note, however, that neither of those cases involved a claimant's

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

7

spouse being employed part-time and relocating as a result of an inability to find full-time employment in the career of her choice.

Moreover, the Board acknowledges that there may be instances where a couple's financial situation may be so dire that the circumstances surrounding the claimant's spouse's decision to relocate and accept better employment may be outside of the claimant's spouse's control. *See Mathis v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1809 C.D. 2009, filed June 10, 2010.) In *Mathis*, the claimant was facing termination of her employment in Pittsburgh, which prompted her spouse to accept a better position in Erie instead of keeping his job in Pittsburgh. *Mathis*, slip op. at 1. The claimant also testified that other factors such as foreclosure on their home, their two young children, daycare expenses, and a two-hour total commute contributed to the couple's decision to relocate. *Id.* This Court found that the claimant's spouse's decision to relocate was not based on personal preference even though the accepted job would pay more. *Id.* at 3. The decision to relocate was characterized as "strictly for survival purposes," because the couple was about to lose their home in foreclosure proceedings, the cost of daycare for two children was high, and relocation to Erie would result in a more reasonable cost of living with the added benefit of family nearby that could provide daycare at no cost. *Id.* The circumstances surrounding the couple's relocation were, therefore, out of the claimant's spouse's control and not based on personal preference.

Here, we agree that Claimant's spouse's decision to relocate was motivated by a desire to accept a full-time job that would allow her to better utilize her training and obtain better pay. Thus, her decision to relocate to accept a better job for which she was trained was motivated largely by personal preference. Her situation is different than that in *Glen Mills Schools*, because her relocating to accept

8

a specialized job did not occur as a result of her losing a specialized job. As to Claimant's spouse's prior part-time employment, it appears that Claimant may be suggesting that his spouse's part-time employment was so insubstantial as to render the relocation necessary. Claimant, however, did not present evidence or develop an argument that the couple's financial situation was so dire that it necessitated relocation, as in *Mathis*. The mere mention that her employment was not economically viable does not show the state of the couple's finances or provide evidence of any impending economic crises. Based on these factors, Claimant has not proven that the decision to relocate was motivated by circumstances outside of Claimant's spouse's control.

For these reasons, Claimant failed to prove that his decision to voluntarily terminate his employment was based on necessitous and compelling reasons. Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

Senior Judge Colins dissents.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Daniel J. Leason, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 223 C.D. 2018 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 21st day of November, 2018, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

P. KEVIN BROBSON, Judge