# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Konomi Takeshita,      :
     Petitioner   :
             :
   v.        :
             :
Unemployment Compensation  :
Board of Review,      : No. 503 C.D. 2020
    Respondent  : Submitted: February 9, 2021


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: March 2, 2021

   Konomi Takeshita (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) May 1, 2020 order affirming the Referee's decision denying Claimant UC benefits under Section 402(b) of the UC Law (Law).[1] Claimant presents one issue for this Court's review: whether the UCBR erred by ruling that Claimant was ineligible for UC benefits as a result of her decision to leave her position with Omori and Yaguchi USA, LLC (Employer), despite Claimant's necessitous and compelling reason to voluntarily resign due to her need to relocate with her husband. After review, we affirm.

   Employer employed Claimant as a part-time patent attorney in its Philadelphia office from June 2003 through November 22, 2019. In that position, Claimant worked 27 hours per week, for which she earned $55,000.00 annually.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

Claimant had no other jobs. Claimant's husband was employed as an assistant Mercer County, New Jersey prosecutor from October 1998 until October 2019, working 40 hours per week for a $104,000.00 annual salary. In October 2019, Claimant's husband retired from that job to work as an associate attorney in Florham Park, New Jersey, earning $110,000.00 per year. Claimant's husband switched jobs because they have children in college and wanted extra money for their children's education. Claimant's husband's 20 years of Mercer County service and 5 years of military service qualified him for a pension upon his retirement from Mercer County.

On November 22, 2019, Claimant voluntarily separated from her employment with Employer in anticipation of moving with her husband to Northern New Jersey (South Orange) once they sold their home in Robbinsville, New Jersey. Continuing work was available to Claimant had she not quit her job. Claimant was still living in Robbinsville, New Jersey, as of the date of the February 5, 2020 Referee hearing.

Claimant applied for UC benefits on November 24, 2019. On December 13, 2019, the Scranton UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed and a Referee hearing was held on February 5, 2020. On February 7, 2020, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR and requested a remand hearing to provide additional evidence. On May 1, 2020, the UCBR denied Claimant's remand hearing request, adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[2]

---

[2] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

Initially,

> [w]hether an employee has cause of a necessitous and compelling nature to quit employment is a legal conclusion subject to appellate review. In order to show necessitous and compelling cause, the claimant must establish that: 1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment.

*Stugart v. Unemployment Comp. Bd. of Rev*., 85 A.3d 606, 614 (Pa. Cmwlth. 2014) (emphasis omitted) (quoting *Comitalo v. Unemployment Comp. Bd. of Rev*., 737 A.2d 342, 344 (Pa. Cmwlth. 1999) (citation and quotation marks omitted; emphasis added)). "The 'follow-the-spouse' doctrine, which is applied when a claimant leaves employment in order to relocate to be with his or her spouse, satisfies this inquiry." *Leason v. Unemployment Comp. Bd. of Rev*., 198 A.3d 509, 513 (Pa. Cmwlth. 2018).

> Under the follow-the-spouse doctrine, a claimant's burden is two-fold. First, the claimant must establish that the move created insurmountable commuting problems *or* that maintaining two residences would result in economic hardship. Under the second inquiry, **the claimant must also demonstrate that circumstances beyond the control of the claimant's spouse caused the necessity to relocate**, **that the decision was reasonable and made in good faith**, **and that the relocation was not a result of the spouse's personal preferences**.

*Id*. (emphasis added; citations omitted).

> [A] claimant may meet her burden by demonstrating that the relocating spouse's position has been eliminated. Other examples of evidence offered to meet this burden have included a limited job market due to the highly specialized nature of a spouse's occupation, a spouse's military orders, a spouse's medical needs, or evidence that a spouse's job will be eliminated.

3

*Rodriguez v. Unemployment Comp. Bd. of Rev.*, 174 A.3d 1158, 1164-65 (Pa. Cmwlth. 2017) (footnotes omitted).

Claimant argues that she satisfies the follow-the-spouse doctrine because the entire reason for Claimant and her husband moving was his new employment, and her husband acquired his new employment because they needed an increased income to continue to fund their children's education. The UCBR rejoins that Claimant is ineligible for UC benefits because a spouse's relocation that is motivated by a desire for a higher-paying job is a matter of personal preference, and not something outside the control of Claimant's spouse. The UCBR asserts that, while Claimant and her spouse want to help their adult children with college tuition/expenses, the motivation for the relocation was still to obtain a higher-paying job to accomplish their goal. The UCBR maintains that the UC Fund is not limitless and not meant to subsidize college educations.

When asked, "why the move north as opposed to something in the Southern [New] Jersey area that would not require you to sell your home?" Claimant's spouse testified:

> Well, I - give you a little background, we have two kids in college and we had maxed out on student loans. We could not get any further student loans to keep our kids in college because we just hit the max level. That's why I had taken an early retirement sell [sic] back my military time to get the 25 [sic] because I needed the pension check and I need[ed] another job. The job in North Jersey, I had a connection. I was looking around the Mercer County area, I really didn't find anything. Nothing that was going to, you know, give me what I needed and what I was looking for but, I - the judge whose team I was on had a law school friend who runs the small firm in North Jersey, [he] introduced me. They made me the appropriate offer so, that's why I had to take the job up there.

Certified Record (C.R.) at 47 (Notes of Testimony, February 20, 2020 (N.T.), at 4).

4

While it may have been reasonable for Claimant and her husband to move for her husband's higher-paying job since the timing was good due to her husband's retirement from his job, and their children's college education expenses were rising, it was clearly not "circumstances beyond the control of [] [C]laimant's spouse [that] caused the necessity to relocate[.]" *Leason*, 198 A.3d at 513.

Further, Claimant testified that she quit her job on November 22, 2019; however, as of the date of the Referee hearing on February 5, 2020, she had not yet moved to Northern New Jersey.[3] *See* C.R. at 50 (N.T. at 7). Thus, although Claimant argues that she quit her job because she had to relocate with her husband, the fact that she had remained in her original location more than two months after she left her employment belies this assertion.

Moreover,

[t]he purpose of UC is to protect against 'the hazards of unemployment' by providing 'compensation for loss of wages by employes during periods when they become unemployed through **no fault of their own**.' [Section 4 of the Law,] 43 P.S. § 752 (emphasis added). Further, Section 402(b) of the Law provides, in relevant part, that a claimant shall be ineligible for benefits for any week '[i]n which his unemployment is due to **voluntarily leaving work** without cause of a necessitous and compelling nature . . . .' 43 P.S. § 802(b) (emphasis added). In this case, the UCBR found in Employer's favor. The record evidence supports the UCBR's findings.

*Small v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1109 C.D. 2012, filed January 9, 2013), slip op. at 3-4.[4]

---

[3] Claimant's husband testified: "In fact, we are moving there next week. We sold our house, we are closing, finally, and we are in the process of moving right now." C.R. at 47 (N.T. at 4).

[4] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

5

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Konomi Takeshita,                                  :
                    Petitioner              :
                                                   :
        v.                                          :
                                                   :
Unemployment Compensation       :
Board of Review,                          :         No. 503 C.D. 2020
                    Respondent            :

## O R D E R

AND NOW, this 2nd day of March, 2021, the Unemployment Compensation Board of Review's May 1, 2020 order is affirmed.


_____
ANNE E. COVEY, Judge