IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector L. Salgado Bahena,          :
                    Petitioner      :
                              :
        v.                :     No. 689 C.D. 2024
                              :
Unemployment Compensation    :     Submitted: May 6, 2025
Board of Review,               :
                    Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: June 17, 2025

Hector L. Salgado Bahena (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation (UC) Board of Review (Board) dated May 15, 2024, affirming the decision of the UC referee (Referee) denying UC benefits to Claimant under Section 402(b) of the Unemployment Compensation Law (Law).[1] After careful review, we affirm.

## I.  Background and Procedural History

Claimant worked for Ashley Furniture Industries, Inc. (Employer) from May 31, 2022, until September 15, 2023, as a Human Resources Manager. (Referee Finding of Fact (F.F.) No. 1 at Item 9.) Claimant moved from California shortly before

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

starting his job in Reading, Pennsylvania, but his wife remained in California. (F.F. Nos. 2, 3, 4.) In approximately August of 2023, Claimant's wife began experiencing health issues. (F.F. No. 5.) Claimant informed Employer of his wife's health issues and sought to transfer to another position with Employer in California or Arizona, but no positions with Employer in those locations were available. (F.F. Nos. 6, 7.) Claimant did not want his wife to move to Pennsylvania because he felt the healthcare was better in California. (F.F. No. 8.) Before leaving his job in Pennsylvania, Claimant did not seek a leave of absence from his Employer. (F.F. No. 9.) Claimant could not afford to support two households. (F.F. No. 10.) On September 4, 2023, effective September 15, 2023, Claimant submitted his resignation to Employer and moved back to California. (F.F. No. 11.) Claimant's last day of work for Employer was September 15, 2023. (F.F. No. 12.)

On September 24, 2023, Claimant applied for UC benefits. (Certified Record (C.R.) at Item 2.) On December 4, 2023, the Department of Labor and Industry (Department) found Claimant ineligible for benefits under Section 402(b) of the Law because it found that Claimant left his employment because of personal or other reasons without cause of a necessitous and compelling nature. (C.R. at Item 3.) On December 19, 2023, Claimant appealed the Department's denial of UC benefits to the Referee stating that "the main reason for my resignation from the company Ashley Furniture Industries was due to my wife's health complications. Her well-being was in decline, and being the primary provider for our household, relocation was necessary." (C.R. at Item 4.)

A telephonic hearing before the Referee was held on February 28, 2024, in which Claimant participated, but Employer did not. (Notes of Testimony (N.T.) at 1; C.R. at Item 8.) At the hearing, Claimant was asked his reason for leaving his employment, to which he answered that it was "due to my wife's health condition" and that he needed to support her and take her to appointments. (N.T. at 4.) Claimant also

2

testified that he moved to Pennsylvania on May 27, 2022, but that his wife stayed in California. (N.T. at 5.) When asked when his wife's health conditions began, he testified that they started in August of 2023. *Id.* The Referee then asked what health condition his wife had been diagnosed with. Claimant did not provide an answer to this question. (N.T. at 6.) Claimant was also asked if there was a reason that he did not request a leave of absence from his position in Pennsylvania, to which he responded that he had to move in order to support his wife's health. (N.T. at 6-7.) The Referee then asked, "what steps would you say you took to try to preserve the employment prior to resigning?" (N.T. at 7.) Claimant stated that he inquired into whether Employer had anything available for him in either Arizona or California, but that there was nothing available. (N.T. at 7-8.)

When the Referee asked Claimant why his wife stayed in California when he moved to Pennsylvania, he testified as follows

> The reason because she has to take care of two other people, work over here. She was planning to move and to be there actually in the future. She was planning to move but with this condition, we decided because California has better – I feel like the better the health, the hospitals for her condition in California. The specialty doctor was here, and she didn't want to go. That's one of the reasons I decided to move back to California and start looking for career. . . .

(N.T. at 8.) Claimant further testified that he was able and available for work at the time of his separation from work and that it was not possible for him to work remotely with Employer. *Id.* The Referee then asked Claimant if he would like to provide any further testimony regarding his separation from employment. Claimant responded that "[m]y family needed me. My wife needed me. This is the reason. . . . I need to support her." *Id.*

On March 1, 2024, the Referee issued a decision and order affirming the Department's denial of benefits. (C.R. at Item 9; Referee's decision.) In his analysis,

the Referee noted that in cases involving a voluntary separation from employment, the burden is on the Claimant to prove a necessitous and compelling reason for quitting. The Referee found the following:

> The Pennsylvania [c]ourts have held that an employee who claims to have left employment for a necessitous and compelling reason must prove that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve the employment.
>
> Here, the Referee concludes that [Claimant]'s decision to resign from the job with [Employer] for personal reasons with his wife's health amounts to a personal choice. Thus, the Referee cannot find that [Claimant] has established a necessitous and compelling reason for leaving employment at the time [Claimant] did or that [Claimant] acted with ordinary common sense and made a good faith effort to preserve the employment. Accordingly, benefits must be denied under Section 402(b) of the [ ] Law effective September 24, 2023.

*Id.* On March 5, 2024, Claimant appealed the Referee's decision. (C.R. at Item 10.) In his appeal, Claimant asserted that he resigned from his job to support his spouse during complications she had with her health, but before he quit, he looked for every possible alternative to maintain his employment with Employer. *Id.*

On May 15, 2024, the Board affirmed the Referee's decision, and adopted and incorporated the Referee's findings and conclusions. (C.R. at Item 12.) The Board determined the following:

> Here, [Claimant] did not prove that he qualified for [UC] benefits under the follow-the-spouse doctrine. Rather, the Board concludes that it was ultimately [Claimant's] and his wife's personal preference that she remain in California to deal with her health and that he relocated there, as [Claimant] did not produce any evidence that they chose California under

4

a physician's specific advice. While the Board sympathizes with [Claimant's] and his wife's challenging situation, the Board cannot conclude that [Claimant] voluntarily left his job for a necessitous and compelling reason. *Cf. Rizzuto v. UCBR*, [Pa. Cmwlth., No. 2089 C.D. 2009, filed March 29, 2010), 2010 WL 9514504.] (holding that claimant who relocated to Florida with her daughter to address the daughter's asthma, without being advised to do so by [a] physician, did not qualify for UC benefits under Section 402(b)). As such, the Referee must be affirmed.

*Id.* Claimant now petitions for review in this Court

## II. **Discussion**[2]

This appeal raises a single issue, whether Claimant has proven that he had a necessitous and compelling reason for his voluntary separation from his employment under Section 402(b) of the Law. Section 402(b) of the Law states, in pertinent part, that a person shall be ineligible for unemployment compensation benefits if they voluntarily leave work "without cause of a necessitous and compelling nature[.]" 43 Pa.C.S. § 802(b). "Whether a claimant has cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Compensation Board of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

Under Section 402(b) of the Law, Claimant has the burden of establishing that necessitous and compelling reasons existed for quitting his or her employment. *Green Tree School v. Unemployment Compensation Board of Review*, 982 A.2d 573, 577 (Pa. Cmwlth. 2009). A necessitous and compelling cause for voluntarily leaving employment is one that "results from circumstances which produce pressure to

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 n.2 (Pa. Cmwlth. 2014).

terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Mercy Hospital of Pittsburgh v. Unemployment Compensation Board of Review*, 654 A.2d 264, 266 (Pa. Cmwlth. 1995). Generally, in order to establish cause of a necessitous and compelling nature, a claimant must establish that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his or her employment. *Pennsylvania Gaming Control Board v. Unemployment Compensation Board of Review*, 47 A.3d 1262, 1265 (Pa. Cmwlth. 2012). "Cause of a necessitous and compelling nature may arise from domestic circumstances and need not be connected with or arise out of the claimant's employment." *Id.* (quoting *Green v. Unemployment Compensation Board of Review*, 529 A.2d 597, 598-99 (Pa. Cmwlth. 1987)). However, "case law makes clear that reasons other than personal preference must exist to support a decision to voluntarily terminate one's employment[,] and the decision to quit must be reasonable and undertaken in good faith." *Id.* at 1266.

The "follow-the-spouse" doctrine, which is applied when a claimant leaves employment in order to relocate to be with his or her spouse, can, under the proper circumstances, enable a claimant to satisfy his or her burden of proof. *Leason v. Unemployment Compensation Board of Review*, 198 A.3d 509, 513 (Pa. Cmwlth. 2018). This Court has held that,

> [u]nder the follow-the-spouse doctrine, a claimant's burden is two-fold. First, the claimant must establish that the move created insurmountable commuting problems *or* that maintaining two residences would result in economic hardship. Under the second inquiry, the claimant must also demonstrate that circumstances beyond the control of the claimant's spouse caused the necessity to relocate, that the decision was reasonable and made in good faith, and that the

6

relocation was not a result of the spouse's personal preferences.

*Id.* (internal citations omitted) (emphasis in original).

The Board argues that under the follow-the-spouse doctrine, the desire to maintain the family unit, alone, is insufficient to establish a necessary and compelling reason to leave employment, citing *Rodriguez v. Unemployment Compensation Board of Review*, 174 A.3d 1158, 1164 (Pa. Cmwlth. 2017). (Respondent's Br. at 6.) In *Rodriguez*, this Court emphasized that "a claimant must also demonstrate that circumstances beyond [the] spouse's control caused the necessity to relocate. . . ." The Board further contends that when the move by a spouse is alleged to have been made necessary by a medical condition, the claimant may prevail if he or she presents evidence of a physician's direct order, but that "a mere boilerplate assertion" that living in another area is required for a medical condition is not sufficient. (Respondent's Br. at 6-7.) Claimant's response to this argument is that he had no choice but to relocate to California to be near his wife due to some undisclosed illness. (Appellant's Br. at 4) (unpaginated).

Under the follow-the-spouse doctrine, a claimant must first establish that the move created insurmountable commuting problems or that maintaining two residences would result in economic hardship. *Leason*, 198 A.3d at 513. Here, Claimant has clearly met this first criteria. The Board found that Claimant could not afford to support two households. (F.F. No. 10.) In addition, it is clear that the distance between California and Pennsylvania would create insurmountable commuting problems. (*See* N.T. at No. 8.) ("[B]ut for me, it[']s difficult if I want to go back to Pennsylvania, I cannot go back because it's not close. Long flights, long travel.") However, while Claimant has alleged that his relocation was made necessary by his wife's illness, he has not demonstrated that Claimant's wife could not relocate to Pennsylvania because he has not presented evidence from a physician that living in

7

California is necessary for his wife. Rather, Claimant has merely expressed his personal opinion that it is necessary for his wife's health that she continue to live in California.

In *Steck v. Unemployment Compensation Board of Review*, 467 A.2d 1378 (Pa. Cmwlth. 1983), this Court found as a matter of law that the claimant was entitled to UC benefits when she quit her job in Pennsylvania and relocated to join her spouse in Arizona. Her spouse had moved to Arizona under the explicit direction of his physician to relocate to a warmer and drier climate because, due to his emphysema and enlarged heart, he was not likely to survive another winter in Pennsylvania. *Id.* at 515-16, 519-20. On the other hand, in *Green*, we found that Claimant had failed to establish that he had cause of a necessitous and compelling nature for voluntarily terminating his employment when he alleged that his reason for voluntarily quitting his job and moving out of Pennsylvania was his wife's acute anxiety. *Green*, 529 A.2d 597. There, the Board found that no evidence was presented to the Board that the claimant's wife was medically advised to re-locate for health reasons. *Id.* at 599.

In this case, the Board found that Claimant did not want his wife to move to Pennsylvania because he felt that the healthcare was better in California, so that his decision to locate there was a personal decision. (F.F. No. 8.) In its determination, the Board concluded that "it was ultimately [Claimant's] and his wife's personal preference that she remain in California to deal with her health and that he relocate there, as [Claimant] did not produce any evidence that they chose California under a physician's specific advice." (C.R. at Item 12.) We note that "the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence," *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008), and that the "prevailing party below [] is entitled to the benefit of all reasonable inferences drawn from the evidence." *Id.* For these reasons,

8

we agree with the Board's determination. Moreover, because our conclusion with respect to this issue is dispositive, we need not consider the Board's argument that Claimant failed to make a reasonable effort to preserve his employment. (Respondent's Br. at 9-10.)

### III.  Conclusion

Because we discern no error in the Board's determination, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector L. Salgado Bahena,                    :
                    Petitioner               :
                                             :
          v.                                 :    No. 689 C.D. 2024
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent               :

## *<u>ORDER</u>*

      AND NOW, this 17th day of June, 2025, the May 15, 2024 order of the

Unemployment Compensation Board of Review is hereby AFFIRMED.

 

 

_____
PATRICIA A. McCULLOUGH, Judge